Jddge Mabshabb
delivered the opinion of the Court.
By the will of Shadrack Penn, sen., admitted to record in 1831, after making a separate bequest to each ■of his eight children, and except in one instance, for the life of the legatee, and to be divided equally among the legatees, children at his or her death, stating in each case, with the single exception that the legatee had received the amount he devises his estate by the following clause, viz:,
*644 <* Ninthly, I give and bequeath to my beloved wife, Margaret Penn, all my estate,.real and personal, that possessed of during her .widowhood. Should she marry, then I desire that all my estate be equally divided among my eight children, or the heirs legally begotten of their bodies ; and should my dear wife die without marrying, the property is equally to be divided among my eight children or their heirs above expressed.”
The following is one of seven of the previous clauses which are substantially the same, except in name and amount, viz:
“ I give and bequeath to my daughter, Margaret Kelley, one negro George, and other property amounting to three hundred and ninety-six dollars fifty cents, during her natural life, then to be equally divided among her children; which negro and other property she has received of my estate heretofore.”
The sixth clause is as follows, viz :
“ I give and bequeath unto my son, Nimrod Penn, six hundred and two dollars, he being absent, and it is uncertain whether he is dead or alive. It is my request, should he ever return, or should he have a legal heir, then he or his heir, shall receive the above amount, except eighty-seven dollars, which he has heretofore received. Should it be clearly ascertained that he is dead. I desire that his part of my estate be equally divided among my other children, but if he has a legal heir or heirs, then they are to have his part of my estate.”
Margaret Kelley, the testator’s daughter, had a daughter, Margaret Ann Kelley, who, in 1842, married W. Robb, and had a daughter, Mary M., the present complainant. A son of Margaret Kelley is also spoken of, but if she had one he died in 1839, an infant and unmarried. In 1844 Mrs. Robb, the mother of the complainant, died before the death of her own mother, who, having married Belt in 1838, died in December, 1844. A short time before her death, she and her second husband, Belt, united in a deed transferring *645 and conveying to J. Milam, all her interest in her father’s estate and will, as well in the devise to his son Nimrod as in the last devise to his children, &c. After this, in 1S49, the testator’s widow, Margaret Penr, died, and afterwards in the same year, Mary M. Robb, the only living descendant and sole heir of the testator’s daughter Margaret, tiled this bill by her father as her next friend, claiming one-seventh of the entire estate of Shadrack Penn, including one-seventh of the share to which Nimrod Penn would have been entitled, who, on the ground of having still never been heard of, is alleged to be dead.
A devise was made to the wife of the lesiator of all his “real & personal estato during widow. It o but should shemarry then 1 desire that all my estate be equally divided among my eig! i children or the heirs legally begotten of their bodies, and should my dear •wife die without marrying, ihe property is to be equally divded between my 8 children or their heirs above ex pressed.”—Held that under this clause the child, one of the 8 or grand child, the child being dead took under the 8th whichever inight be living at the death or marriage ot the widow that no absolute and indefeasible interest vested in any of the children until thedeathor mairiage of the widow.
*645 All persons interested in the estate of the testator, and all entitled to contest the complainant’s bill seem to have been made parties to her bill. But the case having been prepared as between her and Milam and Belt alone, was in that condition submitted to the Court for a decision of the question whether she was entitled to any interest under the will. And the Court being •of opinion that upon the facts stated she was entitled to nothing, dismissed her bill absolutely.
If the complainant, as the sole descendant and heir •of one of the testator’s children, is entitled to any •interest under the will, she is to that extent entitled to •relief under this bill, and the decree cannot be sustained. It is therefore not absolutely necessary to determine whether she is entitled to the whole extent of her claim or not, and we shall consider the case without reference to the supposed death of Nimrod Penn, and as if he or his heir were claiming a share of the estate. In this aspect of the case, the sole question arises on the clause directing that on the death or marriage of the testator’s wife, his estate given to her until that event, “shall be equally divided between his eight children, or the hetrs lawfully begotten of their bodies.” It is contended that under this clause, the eight children had immediately upon the testator’s death a vested interest •in remainder, to take effect upon the happening of the «vent.referred to, that Margaret Kelly thereupon took a *646 vested remainder in one eighth, and that vested re mainder being transmissible was transferred by the deed of herself and her second husband. But'" if il was the intention of the testator to give to each of hi; children an absolute interest in remainder, unaffected bj any death which might occur before the time of enjoyment fixed by the devise, it would have been sufficient to have directed that in either of the events mentioned, his estate should be equally divided between his eight children, and the additional words, “or the heirs lawfully begotten of their bodies” would have been useless. It cannot be assumed that the testator supposed it was necessary to add these words in order to indicate the nature of the estate which the persons who should take shares in the division should have, or that he used them for that purpose. There areno such ■words appended for that purpose to the bequests to his grand-children. As thejr stand in the sentence and according to the natural meaning of the words, they import an alternative devisé, and a designation of persons who are to take in lieu or in substitution of those previously designated or of some of them. And we think it reasonably clear that the testator looking to the event on which the division was to take place as one which might not happen for an indefinite period within which some of his children or perhaps all might die, intended to provide for such a contingency by directing that upon the death or marriage of his wife, his estate should be equally divided between such of his eight children as might then be living and the bodily heirs of such as might be dead ; that is such of their descendents as would be their heirs. This construction is corroborated by the alternative devise to testator’s son, Nimrod, or his heir.
If the word or, should, as contended for, be read and, that is, if the word and had been actually used, and the direction had been to divide the estate between the testator’s eight children and the heirs of their bodies, it might still have been questionable whether the words “heirs of their bodies,” should not be understood as *647 designating the persons who were to take in the place of deceased children, for of such only, could there be heirs of the body, and not as words of limitation describing the interest to be taken. For this latter purpose they would be inappropriate, in the connection in which they would stand, or at least would be an awkward mode of expression. And it would seem that’if the testator had intended to use the words “ heirs of their bodies” as descriptive of the estate of the devisees, ■oras designating the course of descent from them, that 'is, if he had intended them as words of limitation, he would probably have said, “to them and the heirs of their bodies begotton,” which is the usual mode of expressing such intention.
The word or will not be construed to mean and unless such a construction be ne-cessaiy to prevent absurdiiy or to prevent a de?» traction of the devise for uncer* tainly.
¡- But the will reads sensibly in its present form, makes a provision just and natural for the contingency evidently contemplated of some of the eight children dying before the division was to take place, and ma.y have a certain definite and legal operation according to its letter. There is, therefore, no ground for changing the word or into and; and the cases in which this has been done to avoid an absurdity, or to prevent the .destruction of the devise on account of uncertainty, or .to effectuate the obvious intention of the testator, .furnish no authority or precedent for making such a ■ change in the present case, if the consequence would ibe.to change the effect of the devise.
The words “ their heirs lawfully begotten of their bodies,” as applied to the testator’s children must mean the heirs of their respective bodies, or the respective heirs-of their bodies. And as there cannot be an. heir ■of a living person, they mean further the bodily .heirs of deceased children, or o.f such children as may be dead at the time referred to.. And if the devise is to them as heirs of the deceased child, it is a devise of his or her portion which 'they would take as heirs, and being to the heirs of the body, it is a devise to such descendants of the deceased child as would be his or her heirs. The words “ or *648 their bodily heirs,” then taken as a designation of per* sons or as words of purchase, are equivalent to the words “ or such decendents of any tiiat may be dead or may then be their heirs,” referring to the time of the division. If all this were expressed, it would be evident that the division was intended to be between the children living at the time referred to, and the heirs of the body of such as were then dead. And to express the intention fully, the word and, instead of or, would be proper. But as the testator does not say among my living children, but among my eight children, or is proper to show, and does show, that as to some of them there is an alternative devise in case of their death before the time referred to, and that in that event the heirs of the bodies of the deceased are to take, in the place ol the deceased.
Where there is a bequest to A or his personal representatives., the word or generally implies a substitution, so as to prevent a litDse: W ms on Er'ors. (3d Am. from 4 Loud, Ed. page 1041.) where Gitlings vs McDermot, J2 Mylne and JC, 69,) ia referred.
We are of opinion, therefore, that the proper construction of the clause being that the division is to be made between the testator’s children who may be living at the time of the event-referred to, and the heirs of the bodies of such as may then be dead, which is the only devise to any of them, the testator did intend to control the property until the happening of the event when the division was to be made, and that whatever interest any one, or all of his children may have had upon his death, was subject to that control, and therefore subject to be defeated or terminated by the death of such child before the time of division, and belonged, by the will, to the heir or heirs of the body of such decedent living at the time fixed for the division.
In a late edition of Williams on Executors, (3d Am., 4th London ed., page 1041,) the author says: “ Further, it seems to be now established that where there is a bequest to A, or his personal representatives,” or “to A or his heirs,” the word or, generally speaking, implies a substitution, so as to prevent a lapse; and he refers to the case of Gittings vs McDermot, (2, M. & K., 69,) where the bequest was as follows : j
*649 “I give and’ bequeath to the children of my sister, E. Wall, or to their heirs, the following sums, &c., that is to say, to L. W. £100, to* S. W. £200, to S. T. £200, w. W. £200, C. B. £200, E. W. £100.” Several of the children of the- sister E. W. having died before the testator, it was held that the word or implied a substitution in contemplation of the pre-decease of the children, and that the word heirs; (which, in respect to personal property, must be-taken-to m-eanmext of kin,) provided, with sufficient distinctness a substitute for the children pre- deceased;- And as this construction precluded a lapse in the case of the Walls, it was held that the words employed touching the- residue must be taken- in a like sense, although the residuary clause-gave the remainder to his two sisters in equal-shares;. each one-half, “ and upon their deaths respectively to-their heirs,” which, standing alone,.would', as the Court said, carry the whole interest to the sisters themselves-. There cannot be any difference in the meaning of the word'or- in a devise ot real estate, and a bequest of personalty. And- although the words “ heirs of the body” arc technically words of limitation,.yet they arc also frequently used as words of purchase, and have that operation when it sufficiently appears that they are used not to embrace the whole line of heirs of the body in succession, but only to designate by that description, particular persons who may be heirs of the body at a certain period or event. The word or, then, indicates substitution. The time when the substitution is to take place is fixed-; and it is sufficiently certain that the children who may be dead at that time are to be substituted by the persons who may then be heirs-oi their bodies respectively. The time or event at which the substitution is to take place being fixed, the question whether the words “ heirs of their bodies” are to be taken as words'of limitation or words of purchase, is substantially the same as it would be if one of the testator’s children had died, leaving descendants between the date of the will and the testator’s death. If *650 they are words of limitation, there would, in the case supposed, have been a lapse: if they are words of purchase, the heirs of the body of the pre-deceased child would have taken as devisees under the will. And so we think the complainant is entitled to take under this will.
Bell and Barbour for plaintiff’s; Harlan and Hern-don for defendants.
Then, as the testator had a right to control his estate up to and at the period fixed for the division, and has done so, it follows that whatever interest any of his children may upon his death have had in his estate devised by this clause of the will, was subject to be defeated by the death of the child before the death or marriage of testator’s wife, when the existing heirs of the body of the deceasedchild would become absolutely entitled under the will. To the extent, therefore, of at least one-eighth of the estate devised by this residuary clause, the deed of Belt and wife was ineffectual as the event has turned out. And the complainant, as the sole descendent of one of the testators, eight children is entitled to one-eighth part, and consequently has a right to maintain this suit for partition and distribution. The dismissal of the bill was therefore erroneous. And as the question as to the interest intended for Nimrod Penn, or his heir, may depend upon facts not yet fully developed, we have not deemed it necessary now to decide, or even to investigate it.
Wherefore the decree is reversed and the cause remanded for further proceedings consistent with this opinion.