DANIEL BRYAN, ET AL., *v.* THOMAS G. LOWRY.

**Construction of Will.**
> A provision in a will directing that at the death or marriage of the widow the whole estate should be sold and the money received equally divided among his children, or such of them "as may be then living, taking care to give to the representatives of such as are dead, if such should be the case, a child's part," means that all his children living at his death were made legatees and took a vested interest, subject to be defeated by their death before the death or marriage of their mother, in which case the representatives of such as died took as alternative legatees, and not as heirs or distributees of the deceased parent.

**Election of Legatees.**
> Those entitled to the proceeds of land devised to executors to be sold may, before a sale, elect to take the land and thus defeat the power of sale.

APPEAL FROM JESSAMINE CIRCUIT COURT.

April 22, 1880.

OPINION BY JUDGE COFER:

The testator directed that at the death or marriage of his widow his whole estate should be sold by his executors for cash, and that

the money should be equally divided among his children, or such of them "as may be then living, taking care to give to the representatives of such as are dead, if such should be the case, a child's part."

Counsel contends that the land, having been directed to be sold, is to be treated as money, and that the word "representatives", when used with reference to money, is equivalent to the phrase "personal representatives", and in this will is a word of limitation, and not a word of purchase; and from this he argues that the children of the testator took an absolute estate, and that their children cannot take anything as legatees under the will.

That the word "representatives", when used with respect to personalty, if its meaning is not restricted by the context, is to be understood to refer to the personal representatives, must be conceded. But we think its meaning is thus controlled in this case. The bequest was to the testator's children who should be living at the death or marriage of his widow, and to the representatives of such as should be dead. All his children living at his death were legatees, and took a vested interest, subject, however, to be defeated by their death before the death or marriage of their mother, in which case the representatives of such as so died took as alternative legatees, and not as heirs or distributees of the deceased parent.

The word "representatiyes" was not used to indicate the estate or interest given to the testator's children, but to describe a class of persons who were to become legatees in the room and stead of such of the first takers as might die before the time appointed for the division of the estate. Thus considered, this case is not materially different from that of *Robb v. Belt,* 12 B. Mon. 643.

In that case the court said that "if it was the intention of the testator to give to each of his children an absolute interest in remainder, unaffected by any death that might occur before the time of enjoyment fixed by the devise, it would have been sufficient to have directed that, in either of the events mentioned, his estate should be equally divided among his eight children, and the additional words, or the heirs lawfully begotten of their bodies, would have been useless".

For the same reason, if it was the intention of this testator to give to his children an absolute interest in his estate "unaffected by any death that might occur before the time of enjoyment fixed by the bequest", it would have been sufficient to direct that, in either of the events mentioned, his estate should be divided between his children

and the words, "taking care to give to the representatives of such as are dead" a child's part, were wholly unnecessary.

It is true that the land is to be regarded for many purposes as converted into money by the will, and that the land was not devised to the children of the testator or to their representatives; but it is equally true that in a case like this those entitled to the proceeds of land devised to executors to be sold, may, before a sale has been made, elect to take the land and thus defeat the power of sale. That has been done in this case, and perceiving no error in the judgment it must be *affirmed*.

*J. S. Branaugh, W. C. P. Breckinridge, for appellants.*

*Houston & Mulligan, M. T. Lowry, for appellee.*