## Clay, et al. v. Clay et al.

(Decided June 18, 1918.)

### Appeal from Clark Circuit Court.

Infants—Infant's Real Estate—Sale of Under Section 491 of the Code—Necessary Parties.—Where a testator devised a share of his estate to the children of his nephew and to their children for twenty-one years after the death of the first takers without making any disposition of the remainder, the remainder was undevised estate and passed, under the will, to the heirs at law of the testator, and they were necessary parties to a suit seeking a sale of the property under section 491 of the Code.

JOHN A. JUDY for appellants.

HARVEY T. LISLE for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Alexander H. Anderson in his will directed that his estate be divided into six equal shares, and clause "E" reads as follows: "I direct that one of the shares shall belong to and be paid annually by said trustees to such of the children of my nephew Julian Clay as survive me, born in lawful wedlock, and *per stirpes* to the descendants of such of his children as may then be dead, an equal portion to each, that is such children and such designated descendants as are in being at the time of my

death, to them during their lives, to their issue *per
stirpes* for 21 years after the death of said designated
children and their said designated descendants."

The other five. clauses, distributing his estate, con-
tained substantially the same provisions and conditions.

After the will had been probated the estate devised,
which apparently consisted of land, was divided into six
equal shares, and one of these shares containing seventy-
two acres was set apart to the three children of Julian
Clay for and during their natural lives. Thereafter, the
three children of Julian Clay brought this suit under sec-
tion 491 of the Code of Practice against all of their living
children for the purpose of having the land sold and the
proceeds reinvested. The lower court, on motion of the
guardian *ad litem* for the defendants, all of whom were
infants, sustained a general demurrer to the petition and
the plaintiff declining to plead further, the petition was
dismissed and they appeal. The suit was dismissed upon
the ground that the heirs at law of the testator, Anderson,
were necessary parties to the action, and so, the only
question is, did the children of Julian Clay, and their
descendants, take the fee in the land, or only an estate for
twenty-one years after the death of the first takers?

The lower court was of the opinion that the testator
made no disposition of the devised estate after the ex-
piration of the life or lives in being at the time of his
death, and the period of twenty-one years thereafter, and,
therefore, the fee in remainder vested in his heirs at law,
and if this contention is correct, it is, of course, clear
that the heirs at law of the testator owned a vested in-
terest in the estate, and were necessary parties to the
suit seeking to have it sold for the purpose of reinvest-
ment.

It is contended by counsel for the appellants that:
"It was the intention of the testator to set aside one-sixth
of his estate to the children of Julian Clay and entail it
to them as long as it was possible for him to do so under
the law, and then the fee simple should belong to that
branch of the family." While, on the other hand, it is
the contention of the guardian *ad litem,* representing
the appellees, that the testator "devised his property to
six different groups of devisees, giving to them a certain
portion of his estate for their lives and twenty-one years
thereafter; that he made no disposition of his estate at
the end of the life or lives in being at the time of his

death, and the period of twenty-one years thereafter, and, therefore, the remainder was undisposed of by him, and immediately upon his death the fee in remainder vested in his heirs at law.''

The will of the testator was evidently prepared with care, and there is no room for supposing that the testator, through ignorance of the law, or by mistake, or inadvertence, disposed of his estate otherwise than he intended to do. He had the right to make the disposition he did, and that he intended to so dispose of his estate is made plain by the fact that in five separate clauses, disposing of five different shares in his estate, he used the same words and gave to each class living at his death for their lives and to their issue for twenty-one years after the death of the designated devisees the estate but left undisposed of the remainder, and being undisposed of, the remainder vested in the heirs at law of the testator as undevised estate, therefore the heirs at law of the testator were necessary parties to the suit.

It should here be said that the guardian *ad litem* filed a special as well as a general demurrer, but the special demurrer was overruled and the general demurrer sustained. Whether the court committed error in overruling the special demurrer is not material because the real question in the case is the proper construction of the clause of the will in dispute, and being of the opinion that the children of the children of Julian Clay did not take the fee as contended by counsel for the appellants, the judgment of the lower court, in effect so holding, is affirmed.