## Clay v. Anderson.

(Decided April 29, 1924.)

### Appeal from Montgomery Circuit Court.

1. Perpetuities—Statute Construed—Ky. Stats., section 2360, means that no limited or conditional estate may ever be carved from the fee that may extend and postpone the vesting of the remainder interest for a longer period than the life or lives of a person or persons in being at the creation of such estate and 21 years and 10 months thereafter.

2. Perpetuities—Will Held Not to Violate Rule Against Perpetuities. —A will held to limit estate to lives of those takers in being at testator's death and 21 years thereafter, and hence not to violate Ky. Stats., section 2360.

3. Wills—Speak from Date of Death of Testator.—A will speaks from the date of the death of the testator.

4. Wills—Provision in Codicil Held Not to Supersede Trust Provision.—Codicil providing "that the portion mentioned in said will to be given to the daughters of J. shall be given to all of the children of J., . . . to be divided equally between them, share and share alike," held not to supersede provision under which daughters took only income from trust, so that the children of J. would take title in fee simple.

5. Wills—Wisdom of Disposition Cannot be Considered.—Court can not make a will for testator, or declare void one he has legally made, simply because he made an unwise disposition of his estate.

CHAS. D. GRUBBS for appellant.

ROBERT H. WINN for appellee.

OPINION OF THE COURT BY SANDIDGE, COMMISSIONER—Reversing.

The appellee, Challen Anderson, filed a petition in equity in the Montgomery circuit court against the appellant, T. Stanley Clay, by which he sought to have specifically enforced a written contract between them with reference to the sale of an undivided one fifty-fourth (1/54) interest in and to a farm located at Indian Fields, in Clark county, consisting of 350 acres. Clay had refused to carry out the contract by receiving the deed and paying the purchase price, claiming that Anderson's title was not good. By the petition Anderson set forth that he became the owner of the one fifty-fourth interest in the land mentioned by the will of his uncle, Alex Anderson. The will and its codicils were set forth in full in the petition and such a construction of same was pleaded as would vest in Anderson the fee to the the land in question. The court overruled Clay's demurrer to the petition, and, Clay declining to plead further, the court entered a judgment for the specific performance of the contract. By the judgment the court held that the will of Alex Anderson was void as being in contravention of section 2360, Kentucky Statutes, and further that by the first codicil, even though it should be held that the will itself was not in contravention of section 2360 of the statutes, the appellee, Anderson, took the fee to the land in question. Hence this appeal.

The determination of the questions presented by the appeal involves the construction of the statute above and the will of Alex Anderson. The statute reads as follows:

"The absolute power of alienation shall not be suspended, by any limitation or condition whatever,

for a longer period than during the continuance of a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter.''

That section of the statute means that no limited or conditional estate may ever be carved from the fee that may extend and postpone the vesting of the remainder interest for a longer period of time than for the duration of the life or lives of the person or persons in being at the creation of such estate, and twenty-one years and ten months thereafter.

The first contention about which the attorneys representing appellant and appellee on this appeal disagree is as to whether the ''life or lives'' mentioned in the statute must be the ''life or lives'' of the beneficial holders of the limited or conditional estate, or whether it may be the ''life or lives'' of a person or persons foreign to such estate. We deem it unnecessary to determine that question, because the determination of this appeal does not depend upon its settlement.

It is insisted by appellant that the chancellor erred in holding that the will of Alexander H. Anderson is in contravention of section 2360, Kentucky Statutes. We may determine that question by deciding whether by its terms there was carved from the fee of the lands in question a particular estate that might extend beyond the limits fixed by the statute above. To aid in determining that question, we here quote the portions of said will that are pertinent to same:

"4th. I devise and bequeath all the estate and property which I shall own at the time of my death, except as named above, to my friends, James Hensley, Jr., of West Bend, Powell county, Kentucky, and Leland Hathaway, of Winchester, Clark Co., Ky., to be held and controlled by them in trust for the use and benefit of my kindred as hereinafter named and designated.

"5th. I direct that James Hensley, Jr., and Leland Hathaway be appointed and qualified as such trustees as soon as practicable after my executors have performed their functions; that after paying the costs and expenses incident to such appointment and qualification they shall invest the residue of my personal property in land stocks or bonds, and they are especially directed to buy the life estate of my wife in my lands if she wish to sell and fix a fair price on her holdings in the judgment of said trus-

tees. If such purchase be made such interest shall pass to my trustees with my other property. Said trustees shall rent all the real estate thus devised annually as long as they control it, either publicly or privately in their discretion and shall collect the rents therefor and such interest and profits, if any, as may accrue on personalty annually.

"I further suggest that said James Hensley, Junior, look after the property thus devised which is in said Powell county and that said Leland Hathaway shall look after such property herein devised as may be in said Clark county.

"6th. I direct that out of said rents and profits all costs and expenses incident to the proper execution of said trust shall be paid annually and that the remainder or net annual proceeds of said estate shall be divided by said trustees into six (6) equal shares or parts.

"a. . . .

"b. . . .

"c. I direct that one of said shares shall belong to and shall be paid annually by said trustees to the daughters of Josiah Anderson (my brother) who survive me and *per stirpes* to the descendants of such of said daughters who may then be dead an equal portion to each, that is, to such of said daughters and such descendants as are in being at the time of my death to them during their lives and to their issue *per stirpes* for 21 years after the death of such designated daughters and their said descendants.

(Codicil.)

"Whereas, I, Alexander H. Anderson, of Clark county, Ky., have made my last will and testament in writing in the year 1902, and have thereby made bequest disposing of the property I may be possessed of at the time of my death, now I do by this writing which I declare to be a codicil to my said will to be taken as a part thereof, will and direct that the portion mentioned in said will to be given to the daughters of my brother, Josiah Anderson, shall be given to all of the children of Josiah Anderson, both sons and daughters, to be divided equally between them, share and share alike."

With the exception of certain property devised by preceding clauses of his will, by its fourth clause testator

devised and bequeathed all the estate and property which he might own at his death to trustees for the use and benefit of his kindred named and designated thereinafter. By the 6th clause testator provided that annually all costs and expenses incident to the management of the trust estate should be paid by its trustees out of its income and that the remainder or net annual income should be divided into six equal parts. By clauses numbered a, b, c, d, e and f, the six shares of the annual income were disposed of. Appellee claims to own the fee of the land in question under clause "c" and the first codicil of the will, and the court below so decided. Clause "c" of the will above is clear and unambiguous. By its terms, read in connection with the relevant preceding clauses, the limited estate carved from the fee is made to extend through a period of time that endures only to the end of the lives of the beneficial takers of the limited estate who were in being at its creation and for twenty-one years thereafter. The limited estate was created by will. A will speaks from the date of the death of the testator, and it follows that the death of the testator must be regarded as the time when the limited estate came into being. The limited estate created by the clauses of the will in question is devised expressly, and by language susceptible of no other construction, to those only who are living at the death of the testator; its duration is confined to the span of the lives of those who are its beneficiaries and for twenty-one years thereafter. Having encumbered the fee by a limited estate, which can last no longer than the term fixed by the statute above, we conclude that the chancellor was in error in holding that the will of Alexander H. Anderson was violative of the statute above.

It is earnestly insisted by appellee that by the first codicil of the will the children of Josiah Anderson took the fee to that portion of testator's estate devised by it to them. It will be observed that by clause "c" of the will only the two daughters of Josiah Anderson were made beneficiaries of that share of testator's estate. By the codicil in question, the testator provides: "I will and direct that the portion mentioned in said will to be given to the daughters of my brother, Josiah Anderson, shall be given to all of the children of Josiah Anderson, both sons and daughters, to be divided equally between them, share and share alike."

It is contended for appellee that by the language used by the testator in this codicil the trust provisions of the

will itself were superseded and the children of Josiah Anderson were willed their portion of testator's estate unencumbered and in fee simple title. Appellee cites and relies upon the case of Deppen's Trustee v. Deppen, 132 Ky. 755, 117 S. W. 352, in support of that contention. However, there is a clear distinction between the two cases. In the Deppen case the subsequent paper executed by the testatrix was held in effect to be a codicil to her will. By its terms, properly construed, she devised the *corpus* of the estate to her son; whereas by the will she had devised to him merely the net annual income therefrom.

What did the testator intend that the children of Josiah Anderson should take under the codicil, when by it he said: "I do by this writing . . . will and direct that the portion mentioned in said will to be given to the daughters of my brother, Josiah Anderson, shall be given to all of the children of Josiah Anderson, both sons and daughters, to be divided equally between them, share and share alike?" The question answers itself. He intended that the "children, both sons and daughters" should take the "portion" which by the will was devised to the "daughters" alone. What was the "portion" devised to the daughters alone? It was a 1/6 share or portion of the net annual income from the estate of the testator in the hands of its trustees. The effect of the codicil was to substitute for the word "daughters," as used in clause "c" of the will, the words "children, both sons and daughters," as used in the codicil.

When we consider all parts of this will and codicil together, we must conclude that the testator intended the sons and daughters of Josiah Anderson to take only the same interest in his estate that by the will he had devised to the daughters alone. By the language used by the testator, we are precluded from holding that he intended by the first codicil to supersede the provisions of the will itself and by it to devise an unlimited fee in this portion of his estate to the children of Josiah Anderson.

It is insisted for appellee that by using the words "belong to" in clause "c" of the will in question, testator devised the absolute estate to the devisees; and yet when we read what it is that by said clause testator provided shall "belong to" the devisees, we find that it is only one of the six shares or portions in the net annual proceeds of his estate in the hands of the trustees.

It is argued with much feeling for appellee that, if this will is upheld and its provisions permitted to be en-

forced, the estate of testator, which at his death· evidently was a splendid landed estate, typical of Kentucky, will become a useless, uninviting waste, producing no income and of no value to the devisees and descendants of the testator or to the community in which it is located. All these things may be true. It may be that testator made an unwise disposition of his estate; and yet, when he exercised the right that he had to dispose of his estate in the way he thought best, since he has kept within the laws: of the state on the subject, we are powerless to act. We can not make a will for him or declare void one he has legally made.

The same will has·been before this court .heretofore in the case of Clay v. Clay, 181 Ky. 181; 203 S. W. 1080. With the exception that no codicil affected it, a clause similar to the one now under consideration was construed in the Clay case above. The same construction was then given that we are now forced to give to the will in question.

Upon the whole case we conclude that by the provisions of this will the fee in the estate of testator was not encumbered beyond the span of the lives of the beneficial takers of the limited estate in being at its creation and twenty-one years and ten months thereafter, and hence that it is not violative of section 2360, Kentucky Statutes. We conclude that the chancellor erred in overruling appellant's demurrer to the petition. The judgment is re-versed· and this cause remanded for further proceedings consistent herewith.