## Stallard et al. v. Lambert.

(Decided December 19, 1930.)

ERNEST N. FULTON for appellants.

VICTOR L. KELLEY for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The will of Earl Stallard reads:

"July 9, 1916.
"This is my will. First: I direct and order all my just debts paid.

"Second: The rest of property to my wife Bessie Stallard, her lifetime, and at her death to be divided between my legal heirs, July 9—1916."

At the time of his death, Earl Stallard was the owner of certain real estate, and the question is whether those who were his legal heirs at the time of his death took a vested estate in remainder in the real estate or only a contingent remainder, contingent upon them being the legal heirs of Earl Stallard as of the time of the death of the life tenant. It is conceded that this precise question was presented in the case of Weil v. King, 104 S. W. 380, 381, 31 Ky. Law Rep. 1010, where the devise was: "I also give her (the wife of the testator) for and during her life, the house in which we now reside, . . . all of which property at her death shall be equally divided between my heirs, per stirpes."

This court held that the heirs of the testator as of the time of his death took a vested estate in remainder in the realty involved.

It is argued, however, that Weil v. King was over-ruled in Roy v. West, 194 Ky. 96, 238 S. W. 167, 168. In that case the devise involved was: "If my daughter Emma R. Cosby should die without issue either before or after my death I will and direct that the portion of my estate devised in trust for her shall be held upon the same terms for the child or children of my daughter Lilly Roy, until the youngest child arrives at the age of 21 years or marries; and then it shall be divided among said children as it would descend under the laws of Kentucky."

The question presented in that case was, what interest did the children of Lilly Roy take during the lifetime of Emma R. Cosby? It was held that they either took a contingent remainder interest or a vested interest subject to being defeated by their death prior to the death of Emma R. Cosby, it not being for the purpose of that case imperative to decide which, as in either event any child of Lilly Roy could not pledge his interest so as to give the pledgee a lien upon it after the death of such child prior to the death of Emma R. Cosby. It is quite apparent from this statement how widely different the case of Roy v. West is from that of Weil v. King and the instant case. It is true that towards the end of the opinion, after referring to and discussing those classes of cases which create a defeasible vested interest, the court said that some of the language of Weil v. King

would seem to indicate that a vested interest created by a character of devise such as the court in Roy v. West was discussing would create an absolute estate and not a defeasible one, and to that extent Weil v. King would be no longer followed. But this court only meant that the discussion in Weil v. King when applied to a devise such as the court was discussing in Roy v. West would not be followed. The court did not mean to intimate that the result reached in Weil v. King on the devise before it in that case was not right. And indeed that this is so may be seen from the case of McIlvaine v. Robson, 161 Ky. 616, 171 S. W. 413, 414, where the devise was: "To my son, W. H. Robson and his wife Martha A. Robson, during their natural lives . . . and after (their) death the said property to my heirs to revert."

This court held, citing as authority Weil v. King, that the testator's heirs took at his death a vested remainder in the property referred to subject to the life estate of W. H. Robson and wife. The McIlvaine case was not expressly referred to in Roy v. West, although the result arrived at was the same as in Weil v. King upon which it relied. It is therefore apparent that it was not the result arrived at in Weil v. King that was criticized in Roy v. West, but only the application of the language in Weil v. King to the character of devise under discussion in Roy v. West. We are therefore of the opinion that, as Weil v. King and McIlvaine v. Robson are sound on the character of devises involved in them, and as such cases are on all fours with the instant case, the lower court correctly adjudged that the legal heirs of Earl Stallard as of and at the time of his death took a vested estate in the remainder in the realty devised by his will.

The judgment is affirmed.