## Faulkner's Guardian Ad Litem et al. v. Faulkner et al.

(Decided January 27, 1931.)

148

W.. W. MEEKS for appellants.

TOWNSEND & PARK and J. KEENE DAINGERFIELD for appellees.

Opinion of the Court by Judge Richardson—Affirming.

This appeal involves the interpretation of the will of Georgia C. Faulkner who died, testate, in Fayette county, in May, 1930, leaving surviving her, as her children, Omer C. Faulkner, Raymond H. Faulkner, and Jeanne F. Wachs; all of whom were married at the time of her death.

The first and second clauses of the will involved read as follows:

"1st. It is my will and desire, for my husband J. E. Faulkner (after all my just debts are paid) to have all of my estate both real and personal, during his life provided he never marries again and in the event he does marry again I will to him $1,000 (one thousand dollars) out of my estate. The remainder to be equally divided among my bodily heirs.

"2nd. In the event they concluded it best to sell the real estate I may die possessed of, they may have this right to sell but must be reinvested in like property as directed above."

At her death, the testatrix left surviving her, Warren C. Wachs, Fred B. Wachs, and Omer C. Faulkner, Jr., as her grandchildren. All of whom are infants under the age of fourteen years. The parents of these grand children are parties to this appeal. James E. Faulkner, the husband of testatrix, was nominated in the will of testatrix as executor thereof, and duly qualified as such.

This action was instituted by him against the children of testatrix and their husbands and wives, and the above-named grandchildren. He sought an interpretation of the will of testatrix as to whether (1) the words "bodily heirs," used by the testatrix, mean the children of the testatrix or the descendants of the testatrix to the remotest generation, and in the event the words "bodily heirs" are construed to be synonymous with the word children, (2) did testatrix mean such children as are living at the termination of the life estate, or such children as were living at the death of testatrix? The sons and daughters of testatrix and their wives and husbands assert in their answer "that it was the intention of the testatrix to vest a life estate in the husband and the remainder of the estate, created by her will, in each of her children, and the child or children of any deceased child, which were living at the time of the death of the testatrix."

Judgment was rendered interpreting the will to mean that it was the intention of testatrix to vest in her husband, James E. Faulkner, a life estate in all real and personal property belonging to her at the time of her death for and during his natural life, provided he does not marry again, and that, in the event of his remarriage, he was entitled to only $1,000 of her estate; that the words "bodily heirs" were used by testatrix in the sense of children, and, upon her death, Omer Faulkner, Raymond Faulkner, and Jeanne F. Wachs, as her only children, are thereby invested with an estate in fee of all her estate, subject to the life estate of James E. Faulkner, with the proviso aforesaid.

The two questions heretofore stated present for consideration and determination (1) the meaning of the words, "bodily heirs," as they were used by testatrix; and (2) the character of the estate devised to her "bodily heirs."

By the first clause of her will, she devised all of her estate, real and personal, to James E. Faulkner during his life, with the proviso that, should he marry again, in that event, he shall receive only $1,000 of her estate, the remainder to be equally divided between her "bodily heirs." By the second clause, she gave "the right to sell and reinvest her estate in like property, the reinvestment" to pass under clause one of her will.

It is a rule firmly fixed and universally adhered to that a will and other instruments must be construed in accordance with the intention of the party who executes them, and that this intention must be gathered, not from any particular part, or clause of the instrument, but by considering it in its entirety. Ratliffe v. Ratliffe, 182 Ky. 230, 266 S. W. 478, and cases there cited.

Interpreting the will before us in the light of the interpretation we have given like or similar wills in other cases, the words "bodily heirs," as used by the testatrix in her will, were used in the sense of children and were, therefore, intended to be words of purchase and not of limitation. Ratliffe v. Ratliffe, supra. A will speaks from, and takes effect as of the date of the death of the testator. Ky. Stats., Sec. 4839; Clay v. Anderson, 203 Ky. 384, 262 S. W. 604.

The heirs, or the "bodily heirs" of a decedent or testator, are those who, under the statute of decent and distribution at the time of his death, should receive his estate, Prather v. Watson's Ex'r, 187 Ky. 709, 220 S. W. 532.

It follows that it is our conclusion that the testatrix by the use in her will of the words "bodily heirs" meant her children, and intended to vest her estate, after the termination of the life estate of James E. Faulkner, in fee, in her children, Omer C. Faulkner, Raymond H. Faulkner, and Jeanne F. Wachs, the appellants, or, if they or any of her children were dead at the time the will took effect, in that event such child or children to take the share of his or her mother or father.

In Weil v. King, 104 S. W. 380, 382, 31 Ky. Law Rep. 1010, we said: "This devise, however, is to the wife for life, remainder to the testator's heirs. Under the well-known rule that that will speaks as of the date of the death of the testator, unless a contrary intention appear, the testator meant his heirs living at the time of his death."

In the recent case of Stallard et al. v. Lambert, 236 Ky. 651, 33 S. W. (2d) 682, the rule stated in the Weil case was followed by this court.

The chancellor having interpreted the will consistently with our views, the judgment is affirmed.