## Rolf's and Leising's Guardian Ad Litem v. Frischholz' Executor.

(Decided Nov. 28, 1933.)

J. GARVEY DAVIS and JOSEPH S. ROLF for appellant.

THOS. D. HIRSCHFIELD for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment of the Campbell circuit court construing the will of Anna Frischholz as devising to her three sisters, who survived her, a fee-simple estate.

The will reads as follows:

"I, Miss Anna Frischholz, hereby make this my last will and testament, After my death, all of my legitimate debts are to be paid. One hundred dollars are to be expended for Masses for the repose of my soul. A small head-stone is to be provided for. Three brothers—Joe, Henry and Leonard are to receive ($100.00) each. The balance of my Estate, both Real & Personal is to be equally divided between my three sisters, Namely Barbara Timmerman, or her children Joe Jr. & Anna:—Elizabeth Rolf, or her children John Jr., Bernard, Joe, Stanley, Cyril, Vernon:—Mary Leising, or her children William Jr., George, Joe., Mary Elizabeth, Margaret. Household furnishing to be given to Mary Elizabeth Leising.

"I hereby appoint Jos. Timmerman as executor without bond."

Appellant insists that each of the sisters of the testatrix took only a life estate with remainder to her named children. Cases involving devises to one and her children are not in point unless it can be said that the word "or" was used for the word "and." It is true that the word "or" is sometimes construed as "and" in order to avoid an absurdity, or to prevent the destruction of the devise on account of uncertainty, or to effectuate the obvious intention of the testator. Robb

452

v. Belt & Milam, 12 B. Mon. 643. But no such situation is here presented. The will is explicit and shows on its face that the word "or" was deliberately used. In the circumstances it cannot be doubted that the word "or" was used as a word of substitution, and that the testatrix plainly intended that each of her sisters, if alive at her death, should take an estate in fee simple, but if dead her named children should take in her stead. Robb v. Belt & Milam, supra; Ball v. Books, 222 Ky. 143, 300 S. W. 330; Bender v. Bender, 226 Pa. 607, 75 A. 859, 134 Am. St. Rep. 1088; Travers v. Reinhardt, 205 U. S. 423, 27 S. Ct. 563, 51 L. Ed. 865.

Judgment affirmed.