## Weisser's Trustee v. Mulloy et al.

Jan. 20, 1939.

428

GARNER CLARK for appellant.

FRED F. BAUMAN for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

Oscar M. Weisser died in June 1931, leaving a will which we here copy so far as is pertinent to the issues here involved, as follows:

"I, Oscar M. Weisser, of the City of Louisville, Jefferson County, Kentucky, being of sound mind and memory, do hereby make, publish and declare this to be my last will and testament, hereby revoking any and all wills heretofore made by me:

"First—I appoint my brother, F. O. Weisser, Executor and Trustee under this will and direct him to pay all my just debts and funeral expenses and costs of administration of my estate.

"Second—I devise and bequeath to my said Trustee all my estate, real, personal and mixed, wheresoever situated, upon the trusts and with the powers and limitations hereinafter more specifically set forth.

"Third—My said Trustee shall hold all my estate remaining after the payment of debts, funeral expenses and costs of administration during the life and widowhood of my wife, Annie Weisser, and shall pay to her during her life and widowhood, in monthly installments, the net income from my estate. In the event my wife should marry again, my said Trustee shall pay to her one-third of the net income from said estate and the balance of the net

income be paid to my children, the descendants of any deceased child to take their parent's share.

"Fourth—Upon the death of my wife, said trust shall terminate and all the property embraced in said trust shall be conveyed and distributed equally to my children, the descendants of any deceased child to take their parent's share.

"Fifth—During the continuance of said trust my said Trustee, or his successor, shall have full power and authority to sell, lease, convey and transfer any or all property, either real or personal, embraced in said trust, whenever and as often and upon such terms as in his judgment may be proper, and to invest or reinvest the proceeds of sale in either real or personal property, and the purchaser or purchasers shall not be required to look to the application of the proceeds of sale.

"Sixth—If my brother, F. O. Weisser, should fail to qualify resign or die, or become incapacitated to act, I hereby designate and appoint the Lincoln Bank and Trust Company as Executor and Trustee in his place and stead, and all the powers hereby granted to my said brother shall be exercised by said Lincoln Bank & Trust Company as Trustees."

F. O. Weisser qualified as Executor and Trustee of the will and served as such until his death in August 1932. The Lincoln Bank & Trust Co., designated in the will as F. O. Weisser's successor, declined to qualify and the appellant, Fidelity & Columbia Trust Company, was appointed and qualified as Trustee of the will. It appears that the former Trustee, F. O. Weisser, had not filed his settlement of his accounts before his death, but a settlement of same was filed by appellant, and it received from the funds of the former trustee the sum of $70.77 and no other personal property.

In May, 1933, appellant, as Executor and Trustee of the will, filed this suit in equity in the Jefferson circuit court seeking the judgment and authority of the court to sell the real estate of testator for reinvestment, etc., naming Annie Weisser, widow of testator, and the four children of testator party defendants. At the time the suit was filed two of the children were infants under the age of 21 years.

Plaintiff alleged in its petition that testator died the

owner of four separate parcels of real estate located in Jefferson county, Kentucky, one of which was occupied by the widow, Annie Weisser, and three of her children, and that that parcel of real estate yielded no income; that another parcel of real estate has erected on it a small cottage, which is occupied by one of the married daughters and her husband at a monthly rental of $16, or an annual rental of $192, and that the other two parcels of real estate were unimproved and produced no income and that the income from all the property consists entirely of the aforesaid rental of $192 per year. It is further alleged that it was the duty of the Trustee to pay the taxes of the city of Louisville, County of Jefferson and State of Kentucky, on all the property and to keep improvements thereon in good repair and to keep them insured against loss and damage by fire, etc., and to pay the premiums on all such insurance. The petition further sets out the various sums of delinquent and past due taxes against the property amounting to approximately $260 and alleged that the income of the estate of testator will not produce, together with the funds on hand, sufficient money with which to pay the taxes aside from the funds needed for any repairs that may become necessary or insurance premiums which may become due or other expenses of administering said trust, and that in order to prevent interest accruing and penalties being issued upon and against the property and to prevent the ultimate loss of same and depreciation in the improvements thereon, it is necessary that the property, or a sufficient amount thereof, be sold to enable the reinvestment of its proceeds in income producing real estate or securities sufficient to meet the said expenses. It is further alleged that certain parcels of the real estate can be divided into smaller parcels for purpose of sale and that a division of such unimproved parcels into lots and a sale thereof as so divided will make the property more valuable and salable and be to the interest and benefit of the owners thereof. The city of Louisville was made a party defendant for the purpose of asserting the tax liens it held against the property.

In April 1934, appellant filed its amended petition stating that since filing the original petition Annie Weisser, the widow of testator, had married one Richard M Mulloy, and that under the provisions of testator's will her interest of the entire net income of said estate, as of date of said marriage, became reduced to one-third

interest in the net income of testator's estate and the four children of testator became entitled to the remaining two-thirds of the income.

In June 1934, a second amended petition was filed alleging that since the filing of the original petition, in addition to the unpaid taxes therein recited, further tax liens upon the property described in the petition have accrued and are unpaid, aggregating the sum of $236, and further that tax liens will be assessed against the property on July 1, 1934 for state and county taxes for the year 1935, and on September 1, 1934, the city of Louisville taxes for the year 1935 will be assessed, all of which are unascertainable and unpayable at that time but such taxes are a potential lien against the property. The amended petition reiterated the allegations of the petition, which included the allegations that the estate was without funds and unable to pay such taxes and other expenses.

In December 1937, the defendants, Annie Weisser Mulloy and the children of the testator, filed their answer and counterclaim, alleging that since the filing of the petition the two children who were under 21 years of age at that time had since reached their majority and all the defendant children of testator were now sui juris and, that in October 1937, the said children and the spouses of the married ones had duly conveyed by deed all of their interests in and to all the real estate of testator described in the petition to their mother, Annie Weisser Mulloy, and that because of said conveyance to her the title to all of said real estate is now merged so as to vest the fee simple title to same in Annie Weisser Mulloy and that it is no longer necessary to sell the real estate sought to be sold by this action and that the plaintiff as executor and trustee of the will of testator no longer has any duties to perform in connection with the real estate and should not exercise any control thereover. They further alleged that notwithstanding the aforesaid conveyance to Annie Weisser Mulloy, the plaintiff, as trustee and executor of the will, still insists on proceeding with the action to bring about a sale for reinvestment of tracts Nos. 2, 3 and 4 of the real estate described in the petition and that plaintiff was contending that the defendants who are the children of Oscar M. Weisser, deceased, have only a contingent remainder in the said real estate, or a vested remainder

432

subject to being divested upon either of them dying before the life tenant, Annie Weisser, now Mulloy, leaving children surviving them, and that the plaintiff would be trustee for the benefit of those who might come into being should one of the defendants, who is a child of the said Oscar M. Weisser, deceased, die leaving a child or children, because the will of the decedent testator with reference to the remainder interest in said real estate provides that:

"Upon the death of my wife, said trust shall terminate and all the property embraced in said trust shall be conveyed and distributed to my children, the descendants of any deceased child to take their parent's share."

Defendants further alleged that their rights are affected and that an actual controversy exists with respect to their rights both under the will and the aforsaid conveyance of their interests in the property to the co-defendant, Annie Weisser Mulloy. They asked for a construction of the will and that the court construe it to mean that it was the intention of the testator that his children and any descendants of them who were living at the time of his, testator's, death should take the remainder interest in the real estate, and not those, or any descendants of them, living at the death of the life tenant; and, that the children of the testator who were living at the time of his death acquired a vested remainder in fee.

Defendants further alleged that the nature of the estate left by the testator is and was such as to make it not only impracticable to administer according to the terms of the trust but impossible so as to realize any income as was the intention of the testator; that a certain parcel of the real estate has a street improvement lien against it in the sum of approximately $1200, and that there would be further street improvement liens against certain other parcels of the property, but the amount of them has not yet been ascertained; that Annie Weisser Mulloy has paid the taxes on the property out of her own personal funds. Certain other allegations are made in resistance to the sale of the property as sought by appellant. Appellant filed demurrer to the answer and counter-claim which the court overruled and, appellant failing to plead further, the court entered judgment construing the will and determining the effect of the

deed made by the defendant children to their mother, and co-defendant, Annie Weisser Mulloy, but did not pass upon the issues made by the pleadings, on which no evidence had been taken, regarding the necessity or propriety of selling the real estate.

The court rendered an opinion which is filed with the record, as follows:

"This is one of the many, many cases wherein the court is called upon to decide whether the testator in designating living descendants as remaindermen after a life estate meant 'living at the death of the testator' or 'living at the death of the life tenant.' As I understand the Kentucky cases if the will may fairly be construed to mean 'living at the death of the testator' that construction will be adopted rather than the construction which postpones the absolute determination until 'the death of the life tenant.' The will of Oscar M. Weisser is subject to the first and favored construction; hence the court holds that Weisser's children 'living at Oscar M. Weisser's death' took an indefeasible remainder. Weisser's grandchildren or lineal decendants further removed than grandchildren, if they did not take at Weisser's death, never took at all under Weisser's will.

"As the children have sold to the widow (life tenant)— * * * the widow is now the sole beneficial owner, the trust is now a dry trust and should be executed by conveyance from trustee to sole beneficiary."

Judgment was entered in accordance with the opinion and plaintiff's petition was dismissed. Hence this appeal.

It is a fundamental rule of construction of wills that where the language is plain and free from ambiguity the will speaks for itself and technical rules of construction anxiously employed in the interpretation of wills will be discarded and not resorted to.

Clause 1 of the will appoints an executor and trustee, and by Clause 2 testator devised and bequeathed all his property in trust to his trustee subject to the powers and limitations set out in Clauses 3 and 4. Clause 3 fixes the time or continuance of the trust to be for "the life and widowhood of my wife, Annie Weisser," and

further provides for the distribution of the income from the estate. Under this clause of the will the re-marriage of testator's widow, Annie Weisser, did not change or otherwise modify the duration of the trust, but merely reduced her income to one-third thereof, and required the balance to be paid to testator's children, the descendants of any deceased child to take their parent's share. Clause 4 of the will again definitely and clearly fixes the time of the termination of the trust to be upon the death of testator's wife, Annie Weisser, and likewise fixes the time for the vesting of the corpus of the estate in testator's children to be at the death of his wife, and the descendants of any deceased child to take their parent's share.

We are unable to find any ambiguity or confusing matter embraced in the will. Under the clear and simple language used by the testator we see no reason to doubt that it was his intention that the property devised to his trustee should be held in trust during the lifetime of his wife, Annie Weisser, and that only the income from the corpus should be used and distributed during the existence of the trust, as provided in the will, but the corpus of the trust property should not vest in the testator's children, or the issue of any deceased one, until the death of testator's wife.

The time for the termination of the trust being fixed in the will as upon the death of testator's wife, the beneficiaries in remainder cannot be ascertained during her lifetime, and the purposes of the trust cannot be accomplished until all such beneficiaries have been ascertained upon the contingency provided in the will. If any of testator's children should predecease their mother, testator's wife, leaving a child or children, such child or children will be embraced in the class of remaindermen designated in the will, and they will be entitled to the share of the parent or parents of such child or children; and their rights cannot be defeated or be taken from them by the deed of their parent executed in the lifetime of testator's wife, since the vesting of the remainder in testator's children is contingent upon their respectively surviving testator's wife. Gedges v. Western Baptist Theological Institute, 52 Ky. 530, 13 B. Mon. 530; Robb v. Belt, 51 Ky. 643, 12 B. Mon. 643. Also in Am. & Eng. Enc. of Law, Vol. 30, page 720, it is said:

"Where the legacy or devise to a class is not to

take effect in point of enjoying it at the death of the testator but at a subsequent time, all those who are embraced in the class at such subsequent time will be included.''

Appellees cite and rely upon certain authorities to sustain their position (that testator's children were vested with fee simple title in remainder and had the right to convey the property) but the will, deeds of conveyance, or other instruments of title involved in those cases are not analogous to the will involved in the present case, once the instrument is considered as a whole.

It is our conclusion, therefore, that the trust created by the terms of testator's will is for the duration of the life of testator's wife and the children of testator cannot become invested with the fee simple title to the corpus of the trust property until after the death of their mother, and if any one or more of such children should predecease their mother, leaving living issue, such issue would take the share of its deceased parent. This being true, it follows that the deed of conveyance executed by testator's children to their mother, Annie Weisser Mulloy, did not convey to the grantee therein the fee simple title to the property, but only such contingent interest as the grantors then had. It also results that inasmuch as the class of remaindermen who might be entitled to share in the corpus of the trust property after the death of testator's wife has not been nor cannot be ascertained until the death of the wife, the trust must continue in force during her lifetime. However, we do not mean to hold that the deeds from testator's children to their mother are void as between the parties, but void only as to any contingent remaindermen which may come into existence under the contingency provided in the will, viz., the living issue of any child of testator who may predecease their mother, testator's wife. Since the children have conveyed all their interest in the property to their mother, the latter will be entitled to the whole of the income therefrom during her lifetime, leaving the corpus only to be divided between the testator's children and the issue of any such one or more of them who may have predeceased their mother.

Since no proof was taken on the issues made by the pleadings in respect of the necessity of a sale of the property as sought by appellant, and the court having

not adjudicated that question, we express no opinion on that point, leaving this matter to be further developed and adjudicated upon the return of the case to the court below.

For reasons stated, the judgment is reversed and remanded for proceedings consistent with this opinion.