### Gatewood v. Pickett et al.

November 21, 1950.

W. B. Ardery, Judge.

126

Hazelrigg & Cox, Louis Cox and John Hopkins for appellant.

Funk, Chancellor & Darnell, and Chat Chancellor for appellee.

CHIEF JUSTICE SIMS—Affirming.

This controversy arose over what estate the children of R. F. Scruggs took under their father's will in certain real estate owned by him, and was submitted to the chancellor under sec. 637 of the Civil Code of Practice. The chancellor in a well-reasoned opinion declared that the children took a vested remainder subject to their mother's life estate, the possession and enjoyment of which might be accelerated by her remarriage, and adjudged that the deed executed by the widow and her children passed a fee simple title. The purchaser appeals.

The pertinent parts of the will read:

"Second: I devise all of my property, both real, personal and mixed of which I may die possessed to my beloved wife, Lula K. Scruggs for and during the period of her natural life and with the remainder to all of my children share and share alike.

"Third: In the event of the marriage of my wife after my death, then I direct that my estate be distributed according to the laws of descent and distribution."

The widow and her children were all sui juris at the time the deed was executed and the only objection the purchaser has to accepting the deed is that he contends the remainder did not vest in the children at testator's death, but under clause 3 of the will the vesting of the remainder is contingent upon the children surviving the remarriage of their mother.

It is insisted by appellees that the whole will plainly shows an intention on the part of testator to have the remainder vest in his children at the time of his death and clause 3 merely accelerates their coming into possession in the event of the mother's remarriage.

Appellant recognizes that in Weil v. King, 104 S. W. 380, 31 Ky. Law Rep. 1010, the general rule was clearly stated, and has been consistently followed, that in the absence of a contrary intention shown in the will, a remainder, following an intermediate estate, will vest at the time of the testator's death, Stallard v. Lambert, 236 Ky. 651, 33 S. W. 2d 682; Faulkner's Guardian v. Faulkner, 237 Ky. 147, 35 S. W. 2d 6. But he argues that the word "then" appearing in the third clause is used "as an adverb of time and not as referring to the event of the widow's remarriage," therefore, it will postpone the vesting of the remainder since the remaindermen cannot be ascertained until the contingency of the widow's remarriage is determined. Appellant relies upon Wood v. Schoen, 216 Pa. St., 425, 66 A. 79, and Annotations in 49 A. L. R. 187, 127 A. L. R. 602, 169 A. L. R. 207.

The language in the will in the Wood case distinguishes it from the instant one. There, the testator said upon the death of his wife and his three sisters his estate should go to those then entitled to it under the intestate laws of the state. In that will the word "then" was clearly used as an adverb of time and did not refer to an event. But in the case at bar it is equally clear "then" was not used by the testator to designate time but to designate an event.

Appellant relies upon Robb v. Belt & Milman, 12 B. Mon. 643, 51 Ky. 643 and Roy v. West, 194 Ky. 96, 238 S. W. 167, as taking the present will out of the rule

stated in Weil v. King, 104 S. W. 380, 31 Ky. Law Rep. 1010. However, these cases are distinguishable from the instant one on the wording of the wills they construe.

We glean from the annotations in A. L. R. mentioned in the third preceding paragraph the rule to be that the testator's intention, gathered from the will as a whole, will determine whether "then" should be construed as an adverb of time or as referring to an event.

It is elementary that the testator's intention is gathered from the will as a whole, 19 Kentucky Digest, Wills, sec. 470. As was written in Beaem v. Shirley, 301 Ky. 326, 191 S.W.2d 248, if we but let the will before us speak for itself instead of attempting to construe its plain, unambiguous terms according to a set of abstruse rules, there is not a chance to make a mistake. Here, testator's will shows he had but one thought in mind, his widow was to have the property for life, with remainder to all of his children in equal shares. The second clause of the will clearly states this and is susceptible of no other construction. Then by clause 3 he provides if his wife remarries his estate should go according to the laws of descent and distribution, which would give his widow one-half of the personal property absolutely and one-third of the real estate for life and would give the balance of the estate to his children, KRS 392.020 and KRS 391.010.

Clause three indicates testator did not look with favor upon the remarriage of his widow and attempted to curtail her interest in his estate in that event. Evidently, he did not desire to restrict the children's interest should their mother remarry by postponing the vesting of the remainder in them until it could be determined whether or not the widow would remarry, but it was his plain intention to accelerate their coming into the remainder upon their mother's remarriage rather than waiting until her death. This conclusion is fortified by the rule that the law favors the early vesting of an estate in the absence of a clear manifestation of a contrary intention. Winn v. William, 292 Ky. 44, 165 S. W. 2d 961; Skiles v. Bowling Green Trust Co., 294 Ky. 211, 171 S. W. 2d 235; See annotations in 61 A. L. R. 1011 and those previously referred to therein.

We have concluded the chancellor correctly con-

strued the will and his judgment that the purchaser took a good title through the deed executed by the widow and the children is affirmed.