**BOARD OF NATIONAL MISSIONS OF PRESBYTERIAN CHURCH IN UNITED STATES OF AMERICA et al., Appellants,**

v.

**Carrie HARREL'S TRUSTEE (Citizens Fidelity Bank & Trust Co.) et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 3, 1956.

of limitation or a word of extension of the duration of the trust.

Miss Carrie Harrel, a resident of Trenton, Todd County, prepared and executed a holographic will. Following other dispositions and directions, including the conversion of her estate into cash, she wrote:

"Two-thirds ($\frac{2}{3}$) of the total amount of all that I have left after fulfilling Sections I, III and IV, shall be held in trust by Bank of Trenton at Trenton, Ky., or by some other reputable Bank or Trust Co., designated by Bank of Trenton, if any business change should make this necessary. The two-thirds ($\frac{2}{3}$) of my real estate mentioned above shall be held in trust for the use and benefit of the Trenton Presbyterian Church for forty (40) years, or as long as the law of Ky. permits. The interest is to be paid annually to the proper authorities of the Presbyterian congregation at Trenton, Ky. At the end of the trust period, the whole amount held in trust is to be divided equally between the Board of National Missions, (Home Missions) and the Board of Foreign Missions of the Presbyterian Church, U.S.A."

A codicil substituted the Fidelity and Columbia Trust Company of Louisville, now Citizens Fidelity Bank and Trust Company, as trustee. The will was probated in June, 1952. The corpus of the trust, which has been delivered to the trustee, is approximately $72,000. It has been invested and is now held subject to the provisions of the trust.

In construing the bequest, the circuit court adjudged the Trenton Presbyterian Church entitled to receive the income from the trust fund until the church ceases to exist as a church, and the trustee was directed to pay the net income to that local congregation until the end of that period. He further adjudged that when the Trenton Church should cease to exist, all assets remaining in the trust shall be distributed in equal shares to the two Mission Boards. In effect, this is to give "or" the meaning of "and", which makes of it

Blakey Helm, Nicholas H. Dosker, Louisville, for appellants.

Milburn C. Keith, Hopkinsville, G. S. Milam, Russellville, for appellees.

STANLEY, Commissioner.

The question is whether "or" in a testamentary trust is to be construed as a word

a word of extension or expansion. The two Mission Boards, as appellants, contend that the intention of the testatrix was not to create what may be the equivalent of a perpetual trust but to limit it to the expressed period of forty years.

■■ In common and natural usage the word "or" is disjunctive and expresses an alternative as between either of two or more separate subjects or conditions and implies an election or choice as between them. 67 C.J.S., Or, p. 512. But not infrequently in construing a will, so as to reach the testator's intention, it becomes necessary for the courts to give to the word the meaning of "and." This, however, is not done unless the context and surrounding circumstances require or seem to require it in order to support the evident meaning of the testator. McCormick v. Reinberger, 192 Ky. 608, 234 S.W. 300; Rolf's & Leising's Guardian v. Frischholz' Ex'r, 251 Ky. 450, 65 S.W.2d 473. We do not doubt the testatrix used "or" according to its ordinary acceptation. The instrument shows on its face that it was carefully drafted by an intelligent person.

We conclude the testatrix' predominant purpose was to establish the trust for the benefit of the local church for forty years if that was lawful, otherwise, for whatever shorter period is lawful. It was to insure the continuance of the trust in any event for a shorter period, if the law prohibited the definitely expressed longer period, that she added the qualifying phrase. As the appellants point out, no mention is made in the will to the Trenton Church ceasing to exist or to the trust failing on that account. Doubtless, this congregation has existed many years, and the testatrix had no reason to suppose it would not continue for a long time beyond the forty years. She directed a distribution of the fund "at the end of the trust period." If her intention or predominant thought was of an indefinite period, or whatever longer period might be permissible under the law, she would have said so and would not have mentioned forty years or have specifically referred to "the end of the trust period." She set up a $300 trust in the hands of a named trustee for the unkeep of a cemetery lot without specifying any period of limitation.

■ To construe the bequest as we have indicated conforms to the rule to reconcile and give force and effect, if possible, to every clause in a will and does not do the contrary, as the appellees suggest. To disregard the forty-year provision would offend the rule, for it would be held without meaning or effect.

We see no reason in the present case to substitute the word "and" or to give the word "or" a meaning that would extend the period of the trust to an indefinite or undeterminable period. If any substitution be made, it should be "otherwise." By attaching the qualifying phrase "or as long as the law of Ky. permits" to the definite period of forty years, it would seem the testatrix had some notion of the Kentucky law of perpetuities which limits the duration of a trust, KRS 381.220, but did not know just what the limitation was. It is more likely that she believed the Kentucky law might not permit continuance of any trust for as long as forty years or understood that the lawful duration of a trust for a religious congregation may be doubtful than it is likely that she knew or believed that a trust for a charitable purpose may continue indefinitely, KRS 381.-260, and regarded her bequest as of that class.

We are of opinion that the declaratory judgment as rendered is erroneous and reverse it that a judgment may be entered consistent with this opinion, viz. that the trust will terminate in forty years and the corpus be distributed between the two Mission Boards.

Judgment reversed.