**John McKEE et al., Appellants,**

v.

**Lola JOHNSON, Executrix of the Estate of Mary McKee, et al., Appellees.**

Court of Appeals of Kentucky.

April 25, 1958.

Thomas F. Young, Corbin, for appellants.

Pleas Jones, B. B. Snyder, Williamsburg, for appellees.

CAMMACK, Judge.

This action involves the construction of the holographic will of David C. McKee, who died in 1945. The will follows:

> "In case of my death, I bequeath all my property or cash or savings accounts to my wife, Mary S. McKee.
> "(signed) David C. McKee"

After Mary McKee's death in 1954, the appellee, Mrs. Lola Johnson, executrix of her estate, instituted this action against the appellants, parents of David McKee, alleging that David McKee's will passed the absolute title to all personal and real property owned by the testator to his wife, Mary McKee. The appellants claimed that the wording of the will required Mary McKee to choose between the real property and the personal property left by her husband.

This appeal is from a judgment upholding the appellee's construction of the will. The appellants contend that reversal should be granted because the word "or" in the will expressed an alternative and should not be construed in the sense of "and" since the context of the will does not require such construction.

David McKee left bonds which were sold by his executrix, Mary McKee, for $2,988.-

33. Out of this sum she paid debts and costs of administering the estate amounting to $1,080.84. She took the remaining $1,907.39 under the will. David and Mary McKee owned bonds payable to either of them in the amount of $1,725 which Mary McKee took after her husband's death. They owned jointly real property worth $5,500. David McKee's one-half undivided interest, valued at $2,750, is the subject of this litigation. It is of passing interest that the appellants raised no question concerning the disposition of David McKee's estate by Mary McKee until her estate was being settled some 10 years after the death of David McKee.

We pointed out in Board of National Missions v. Harrel's Trustee, Ky., 286 S.W.2d 905, that not infrequently it becomes necessary in construing a will so as to reach the testator's intent, to give to the word "or" the meaning of the word "and." In that case the will showed on its face that it was drawn carefully by an intelligent person and we refused to extend or expand the meaning of the word "or" to cover the word "and." In the case now before us the will of David McKee was phrased loosely, but comprehensively as well. It was all inclusive. The circumstances surrounding the McKees indicate also that David McKee intended to vest in his wife absolute title to all of his property, real and personal. The property referred to above was acquired through the joint efforts of the couple during a long but childless marriage. Under the contentions of the appellants, David McKee would have died intestate as to the property which would have remained after Mary McKee had made her election. There is a presumption against intestacy, and when two possible constructions of a will present themselves, the one which results in complete testacy should prevail. Kestler v. McAfee, Ky., 249 S.W.2d 822. As we have said, we think David McKee meant for his wife to take his entire estate at his death.

Judgment affirmed.