## Engleman et al. v. Harris' Executor et al.

(Decided February 17, 1931.)

ROBINSON & KAUFFMAN for appellants.

P. M. McROBERTS, KENDRICK ALCORN and HARRIS COLE-MAN for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

This appeal is the outgrowth of a suit asking for a construction of the will of S. T. Harris, who died in Lincoln county, Ky., in January, 1926. While other issues were made or attempted to be made, in the court below, the appeal now only calls in question the correctness of the chancellor's interpretation or construction of item 1 of the will. ·

In item 1 of the will, testator bequeathed to his sisters, Annie Engleman, Bettie Harris Bush, and Margaret Woods, for and during their natural lives, the annual income and interest on a trust fund of $75,000 created for their benefit by the will. It was provided in that item

that each of the named sisters should have and be paid from the trust fund at least $100 per month during life and that, in the event the annual income from the fund should not be sufficient to make such payment, then the trustee was directed to pay out of the principal of the fund such additional sum as might be necessary for them to receive at least $100 each per month; but that, if any of the principal should be so used, then the principal sum should be reimbursed if and when the income therefrom should be more than sufficient in amount to pay the minimum sum of $100 per month to each sister; and that, when by such reimbursements the principal sum should be restored, the entire income should be paid equally to the three sisters. It was further provided that, upon the death of any of the sisters, the entire income from the trust fund should go to the survivor or survivors, except, however, so much as might be necessary to reimburse the principal fund for any payments made therefrom, as provided in the will.

It was further provided that, before any distribution of the testator's estate, and as soon as practicable after the testator's death, the trust fund of $75,000 should be placed in the hands of the trustee designated in the will; and the executor was authorized to transfer any of testator's stocks, bonds, or money, owned by testator at his death, to complete the fund or to transfer any money realized from the sale of any of the testator's property, real or personal, until the value of the trust fund placed with the trustee should equal $75,000.

The item in question covers more than three typewritten pages, and thus far we have only stated in substance its provisions; but, in order that the questions presented may be clearly understood, we are quoting in full the last paragraph thereof which reads:

"It is my will that from and after the date of my death, my said sisters shall each have and receive from my estate, for their comfortable support, at least fifty dollars per month, pending the full payments and settlement of said trust fund, as herein provided, and my executor is hereby directed to pay to each of my said sisters, who may then be living, and from my estate, such sum as will, when added to such sum as they may receive from the interest on the portion of the said trust fund then in the hands of said trustee, make each of them have and

receive said sum of fifty dollars per month, and will continue to make such payment, until the whole of said trust fund shall have been paid to and received by said trustee.''

The Fidelity & Columbia Trust Company of Louisville, Ky., was named as trustee of the trust fund, and qualified as such trustee in the Lincoln county court on the 12th day of November, 1926. In item 4 of his will, testator nominated his nephew, Robert B. Woods, executor, and requested that he be allowed to qualify as such without bond, and the executor was authorized to sell and make conveyance of any real estate, owned by executor, in whole or in parcels, and to sell and dispose of any stocks, bonds, or personal property left by testator in such manner, publicly or privately, and at such times as he, in the exercise of a sound discretion, might deem to the best interest of the estate. The testator recited that his nephew Robert B. Woods was living with him at the time of the execution of the will, and had charge of farming operations, including the caring for, buying, and preparing for market of stock and crops thereon; and that, to avoid any loss to the estate, when the market for land or stock was depressed, the executor might in his discretion, if he deemed best to do so, continue for a period of not exceeding five years from testator's death the conduct of the farming operations and buying and selling of stock, etc., as the same was being conducted at the time of testator's death. The testator further directed that the continuance of said farming operations be left to the sound judgment and discretion of his nephew as executor because of the confidence that testator had in him and in his judgment.

On the 17th day of August, 1927, the Fidelity & Columbia Trust Company, as trustee under the will of S. T. Harris, instituted in the Lincoln circuit court an equitable action against Annie Engleman, Bettie Harris Bush, Margaret Woods, and other devisees and heirs of the said S. T. Harris. In its petition, the trust company sets out the provisions of the will, and alleges that on the 12th day of November, 1926, the testator's executor delivered to it stocks, bonds and money valued at about the sum of $47,000, and on the 17th day of March, 1927, the further sum of $5,000 as a part of said trust fund of $75,000, and from the sums so placed in its hands it had received an income of $1,141.99, and had paid expenses to the amount of $291.60, and that it had paid to each of

the sisters beginning on December 3, 1926, the sum of $50 per month, or a total of $1,200, thereby making a deficit in the income fund of $349.61, and on which deficit there had been an interest accumulation of $8.21.

It further alleged that Annie Engleman and Bettie Harris Bush were contending that they were each entitled to the sum of $100 per month from the 12th day of November, 1926, the date said first payment was made to plaintiff by testator's executor, to be paid from the trust fund, even though it required the use of part of the principal sum to pay such amount, but that some of the defendants who are entitled to a part of the remainder, of the trust fund, after the death of testator's three sisters, contend that the sisters are not entitled to any sum in excess of $50 per month each from the income, or the income from the fund in plaintiff's hands, if it exceeds $50 per month; that plaintiff is unable to tell from the provisions of testator's will which construction is correct, and it asks the court to construe the testator's will and adjudge whether it must pay to the testator's three sisters at least $100 per month, whether the income from said fund equals this amount or not, and, if it be adjudged that the sum of $100 per month is due and payable to each of the sisters, it requests the court to adjudge from what date such sum of $100 is to be paid.

It further asked the court to adjudge whether Robert B. Woods, the executor, was required under the provisions of the will to immediately establish the trust fund of $75,000, and, if not immediately, when it should be established.

By answer and cross-petition filed November 22, 1927, Mrs. Annie Engleman and Mrs. Bettie Harris Bush allege, in substance, that, under the provisions of item 1 of S. T. Harris' will, they are each entitled to receive $100 per month from the date of his death, but that they had received only $50 per month; that the executor had only paid to the trust fund the sum of $52,000, but that he has ample funds in his hands out of which he could pay the sum necessary to complete the trust fund, but that he had failed and refused to do so. By said answer and cross-petition, they raised other issues which are not necessary to be considered on a determination of this appeal. An answer and cross-petition was also filed by other heirs and devisees of the testator, but same does

not call for any consideration in the determination of this appeal.

The executor demurred to the first and second paragraphs of the answer and cross-petition of Mrs. Annie Engleman and Mrs. Bettie Harris Bush, and the Court sustained said demurrer, giving to the said defendants the right to further plead, but this they failed to do. The third and remaining paragraph of their answer and cross-petition presented a question which is not here for determination.

The executor also interposed a demurrer to the plaintiff's petition, and filed answers to the cross-petitions, and on November 23, 1929, he filed an amended answer to the cross-petitions, in which he recited that he had sold the farm of testator for over $38,000 and collected the purchase price, and had also sold all of the personal property, and had paid to the Fidelity & Columbia Trust Company the full amount of $75,000 of the trust fund provided for in the will, and had made distribution to the various legatees of the net amount that came to his hands as executor, and had filed a settlement of his accounts as executor in the Lincoln county court, leaving unsettled only a few small amounts covering small items of accounts due the estate and not then collected, which would be accounted for in the final settlement.

Counsel for appellants, Mrs. Engleman and Mrs. Bush, insist that, under the provisions of item 1 of the will of S. T. Harris, the three sisters should receive $100 a month each from the death of the testator, and that, in construing this provision, the court should consider the environments and the natural objects of the bounty of the testator, giving due consideration to the age and the need of the three sisters for whom he evidenced an intention to make ample provision.

In the interpretation of a will, the cardinal rule is to ascertain the intention of the testator from the language of the will; and all other rules of construction are subsidiary to this rule when the intention of the testator is expressed in clear and unambiguous language. Knox v. Knox, 186 Ky. 320, 216 S. W. 844; De Charette v. St. Matthews Bank & Trust Co., 214 Ky. 400, 283 S. W. 410, 50 A. L. R. 34; Jones v. Jones' Ex'rs, 198 Ky. 756, 250 S. W. 92.

> "The intention of the testator must be ascertained from the language in which he expresses

that intention, and not from outside circumstances and facts from which a will might be manufactured or language that might have been used, but was not." Penick, Executor, etc., v. Lewis, 194 Ky. 231, 238 S. W. 745, 747.

The intention of the testator, S. T. Harris, as expressed by his language in item 1 of his will, leaves nothing to doubt or surmise. His intention is expressed with unusual clearness, and no rule of construction need be applied to ascertain his intention, as the item in question construes and interprets itself.

A trust fund of $75,000 was provided for the benefit of his three sisters, and this fund was to be paid to the trustee by the executor as soon as practicable, but the executor was given five years in which to complete this fund, and was only required to turn over to the trustee such sum as might not be necessary in the management of testator's estate as provided in the will; and the manner in which the funds to be paid to the trustee should be derived and the time for the payments were matters left entirely to the sound discretion of the executor. During the five years in which the executor had to complete the trust fund, or until it was completed within that time, the three sisters were each to receive at least $50 per month for their support, and more in the event the net income from the funds placed in the hands of the trustee amounted to more than $50 per month for each of them. In other words, they would be paid in equal shares, the net income from the trust fund, but not less than $50 each per month during said term of five years, or until the trust fund was completed. At the end of the five years, or from and after such time as the trustee should receive the full sum of $75,000, the three sisters should receive one-third each of the net income, but not less than $100 per month, and, in event the income from the entire trust fund should at any time be insufficient to pay $100 per month to each of the sisters, then and in that event the trustee is authorized and directed to use so much of the principal of the trust fund as may be necessary to pay to each of them $100 per month; and, in the event any of the principal is so used, the principal must be reimbursed from the income if and when the income exceeds the amount necessary to pay to the sisters $100 each per month.

The judgment of the lower court being in accord with the foregoing interpretation of item 1 of the will of testator, it should be, and is affirmed.