## Louisville Gas & Electric Company v. Starin.

(Decided June 14, 1916.)

### Appeal from Jefferson Circuit Court
### (Chancery Branch, First Division).

1.  Wills—Construction—Nature of Estate Created.—The words, "If she should have no issue or heir of her body I desire she shall be allowed to dispose of by will one-half of her estate as she pleases, the other half to return to the estate," created a fee in the devisee, subject to be defeated only if she should fail to have issue, but which became absolute upon the birth of a child to the devisee.
2.  Wills—Construction—Nature of Estate Created.—In the absence of an express provision in the will declaring a defeasance of the estate in the event the devisee did not leave issue living at her death, the law will not read into the will language with this implication.
3.  Wills—Construction—Nature of Estate Created.—Even though the estate devised would be defeated by the death of the devisee without issue surviving; where the will contains no devise over to such issue in the event the latter should survive the devisee, but provides that one-half of the estate devised may be disposed of by the devisee by will and the other half revert to the estate of the testatrix, and the devisee is the sole heir at law of the testatrix, she has the power to convey by deed that part of the devised

property the will provides she may dispose of by will, and also the part it provides should revert to 'the estate.

MAT O'DOHERTY and HUMPHREY, MIDDLETON & HUMPHREY for appellant.

E. L. McDONALD for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was brought by the appellee, Meta Starin, to compel the specific performance by the appellant, Louisville, Gas and Electric Company, of a written contract whereby appellee, for the agreed consideration of $15,500.00 to be paid in cash, sold to appellant a house and lot on the east side of Third street, between Main and Water streets, in the city of Louisville, this state; the deed to which, containing the usual covenant of general warranty, it refused to accept when properly executed, acknowledged and tendered, such refusal being based upon the claim that the deed would not convey to it a good and marketable title to the real estate in question. The petition, in addition to alleging the terms of the contract, the provisions of the wills showing the derivation of appellee's title, and filing as exhibits the contract and wills, also set out the objections made by appellant to the title offered to be conveyed by the deed tendered, which enabled the latter to present by a general demurrer to the petition its grounds of resistance to the performance of the contract. The circuit court overruled the demurrer and appellant declining to plead further, judgment was entered enforcing the contract as prayed in the petition. From that judgment this appeal is prosecuted.

Appellee claims to have obtained title to the real estate in question under the will of her mother, Charlotte Smith, probated May 16, 1900, and that of her brother, Henry Clifford Smith, probated October 14, 1912. So much of the mother's will as bears upon the question of title is as follows:

"To my two children, Henry Clifford Smith and Charlotte Meta Smith, I give and bequeath my property, real, personal and mixed, to be divided equally between them. I desire, if my daughter marries, that her portion may be settled on herself free from the control of her husband or husbands or their debts. If she should have no issue or heir of her body I desire she shall be

allowed to dispose of by will one-half of her estate as she pleases, the other half to return to the estate.''

The mother died in the early part of the year 1900 and the brother in the summer of 1912. The latter, who had never married and died without issue, by his will devised to appellee his entire estate, including that devised him by the will of his mother. Appellee is now a widow and has a daughter twenty years of age. It is appellant's contention that appellee could not convey a marketable title to that half of the real estate devised by the will of her mother, because the will only invested her with a defeasible fee in and to such half of the real estate in question, and that if she should die without leaving issue living at the time of her death, the estate so devised would pass one-half back to the estate of the testatrix; and, as to the other half, the appellee would have an equitable power to dispose of same by her last will and testament, in default of the exercise of which such interest would also revert to the estate of the testatrix. On the other hand, it is contended by appellee that if it should be held that the title she took to the estate devised her by the mother is only a defeasible fee, she is, nevertheless, able to convey a marketable title to that part of the property because, as issue was born to her, that fact caused the title to the estate devised her by the mother's will to vest in her absolutely; and if this were not true, as the heir-at-law of her mother she is now vested with all reversionary rights to the estate of her mother, which exist by virtue of the latter's will, and that she had offered to contract by a provision in the deed tendered appellant that she will exercise the power to devise to appellant the interest she might have under the will of her mother in the contingency mentioned.

It is conceded by appellant that appellee took under the will of her brother a fee simple title to the half of the mother's estate devised him by her will; and as to the half thereof devised appellee by the will of Charlotte Smith, it appears impossible for the condition or contingency to happen upon which her title thereto could be defeated under the provisions of the will, as the defeasance for which it provides cannot occur because there was born to appellee a daughter before the death of her mother, the testatrix, which removes the contingency, the occurrence of which, by the terms of the

will, would have the effect to restrict her to the power to dispose by will of one-half of the estate devised her and cause the other half to revert to the estate of the testatrix. On the other hand, if the will be subject to the construction that the estate thereby devised the appellee would be defeated in the event of her dying without being survived by issue, as the will contains no devise over to such issue in the event the latter should survive appellee, and appellee is now the sole heir at law of her mother, the testatrix, she has the power to convey by deed such part of the property as the will provides she might dispose of by will, as well as the part it provides should revert to the testatrix's estate.

In our opinion the language of the will: "If she should have no issue or heirs of her body," which indicates the only condition subsequent on which, if at all, appellee is to take less than a fee simple estate, should be construed as having reference to her failure to have such issue at any time during her life, under which construction the birth of a child, whether it survived or died before appellee, would extinguish the condition and render the estate indefeasible; and as a child was born to appellee, even before the death of her mother, the testatrix, by reason thereof the estate devised her became indefeasible and was in fact and in law converted into an absolute fee.

Our meaning is that in the absence of an express provision in the will declaring a defeasance of the estate in the event appellee did not leave issue living at the time of her death, we will not read into the will such language as will imply that such issue should be living at the time of her death in order to prevent the defeasance. The law will always treat an estate as vested where it can do so without violence to the language contained in the will, and if the testatrix had intended that the estate devised appellee by the will should be defeated by her death without issue living at the time, such intention could and doubtless would have been plainly expressed by the use of the words, "if she leave no issue." The will provides for no limitation over to such issue, nor, indeed, to anyone else; and as the will was made before appellee was even married, the most reasonable construction of its language is that the testatrix intended that the defeasance should become effective only in the event appellee never had a child.

The inclination of the courts to the construction above indicated is shown in Fisher v. Lott, et al., 33 R. 609, 110 S. W. 822. There the will devised one-sixth of the estate of the testator, Richard Southgate, Senior, to trustees, for the benefit of the children of his son, W. W. Southgate, under the following restriction: "Should any of the children of W. W. Southgate die without issue and unmarried, their part to go to their remaining brothers and sisters and their descendants."

Nannie Southgate, one of the ten children of W. W. Southgate, after arriving at twenty-one years of age, was married to George G. Lott, by whom she had one child, George S. Lott. The proceeds of the devise to her were invested in a parcel of ground in Covington. She and her husband and son contracted to sell the lot to Fisher and tendered their general warranty deed, in which all three of them joined. Fisher declined to accept the deed, upon the ground that Mrs. Lott's interest, being only a life estate, and her husband excluded from any share by the will, the fee only contingently vested until her death, when, if she should survive her son, the deed tendered would not convey the complete title. In overruling this objection to the deed tendered we held that upon Nannie Lott's marriage and the subsequent birth of issue, namely the son, George S. Lott, the contingency happened and the estate vested. The opinion refers to Kennedy v. Arthur, 3 Ky. Opinion 446, in which the same will was construed, with the same result.

It will be observed that the language of the will in the instant case, "If she should have no issue," is much broader and more forceful than that of the language "die without issue and unmarried," quoted in the case, *supra,* from the Southgate will, which affords greater reason for giving to the will in the instant case the construction we have applied. But if it were to be conceded that the estate devised is still subject to the defeasance, as claimed by appellant, it is manifest that the defeasance would only apply to the share in her estate devised by the testatrix to appellee, i. e. one-half; and as to the other half, devised by the testatrix to Henry Clifford Smith and by him to appellee, she is now undoubtedly the owner in fee. Furthermore, it is equally manifest that appellee can now convey a marketable fee simple title to the one-half of the share in the estate de-

vised her by her mother, which the will of the testatrix declares she may dispose of by will, if there be no issue; and also the remaining half thereof, which the will provides shall revert to the testatrix's estate if appellee have no issue; for as to this latter half there was no devise over to any other person, therefore appellee, as the only surviving child of the testatrix and sole devisee of her brother's will, would undoubtedly be and is the owner of the entire estate left by her mother, which gives her the right and power to sell and convey the same.

It follows from what has been said that the rights of the parties to this action were properly determined by the judgment compelling the specific performance of the contract between them. Therefore, the judgment is affirmed.