### Knox v. Knox, et al.

(Decided December 19, 1919.)

### Appeal from Boyle Circuit Court.

1. Wills—Prohibiting Sale of Property Until Children Attain Majority—Construction.—A testamentary paper which prohibits the sale of the lands devised until the children attain their majority; and the further provision that "each child's part to come back to the other children if they should die without bodily heirs," must be construed to mean that the lands allotted to each child will come back to the other children in case of the death of the child during minority without an heir of its body; but after the child becomes twenty-one years of age, it may sell and dispose of its entire interest free from any claim of the other children even in the event of his death without bodily heirs.

2. Wills—Construction.—The rule is that when there are two or more periods fixed in an instrument upon the happening of which an unlimited estate in lands will devolve, that one will be se-

lected which will first divest the fee simple title and give the devisee or grantee an absolute estate.

CHAS. H. RODES for appellant.

NELSON D. RODES and C. E. RANKIN for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

In 1883 T. D. Knox died testate, the owner of two farms and some personal property situated in Boyle county. He left surviving him a widow and six children. By his will, made in 1867, he gave his property to his wife for life with remainder to his children. In October, 1883, he made a codicil, among other things, saying: "My property, both real and personal be equally divided between my children and my wife to have a child's part in case she should marry, the lands to be divided by commissioners and the portions of any of the children, that one not twenty years old, not to be sold until they are of age, each child's part to come back to the other children if they should die without bodily heirs. This codicil to have no force nor effect during the life of my wife or while she remains my widow, but at her death or marriage to become of full force."

The widow died in 1918, never having remarried. The six children surviving are parties to this action, which was instituted by Fannie Knox, Emma D. Knox and Virginia K. Kimble against James R. Knox, Mary K. Stephens, Wallace S. Knox and Bettie D. Knox, to have a construction of the will of their father, T. D. Knox, and to compel James R. Knox to accept a deed of conveyance, and to pay the purchase price named therein, made by Fannie Knox, Emma D. Knox and Virginia K. Kimble, the lands conveyed being the undivided interests of the three daughters named as plaintiffs in certain of the lands of T. D. Knox, which passed under the will. On May 24, 1918, only a few days after the death of their mother, the life tenant, the three daughters named entered into a written contract with their brother, James R. Knox, to convey to him all their interest in a 248-acre tract of land left by their father. A short time thereafter these plaintiffs prepared and tendered a proper deed to the defendant, James R. Knox, conveying to him three-sixths undivided interest in fee simple in and to the 248-acre tract of land mentioned, but he declined to accept

the deed for the reason that a brother, Wallace S. Knox, was claiming a contingent interest in the property on the ground that each child, including Wallace S. Knox, under the will took only a fee in an undivided interest in and to all the lands of their father, defeasible upon the death of such child at any time in the future without leaving a surviving child or heir of his body. This contention is based upon the language of the will which reads: "Each child's part to come back to the other children if they should die without bodily heirs," but it does not take into consideration the balance of the codicil which we quoted above. It is the duty of courts in construing wills to arrive at the intention of the testator if possible from the language employed, and this we think is easily done in the instant case. At the time the codicil was made the testator was a man only about 41 years of age, the father of six children, all of whom were less than 21 years of age. He had made a will in 1867, when he was only 27 years of age. At that time he had only two small children. He desired to make a suitable provision for his widow and also for his infant children. In case his wife remarried she was to have a child's part, or one-seventh part in the lands. With all the facts before him and with this purpose in his mind, Knox, in writing his codicil, said: "My property, both real and personal, be equally divided between my children," and then the contingency of his wife remarrying occurring to him he added, "and my wife to have a child's part in case she should marry." Then he continued: "The lands to be divided by commissioners, and the portions of any of the children . . . not to be sold until they (the children) are of age, each child's part to come back to the other children if they should die without bodily heirs." We omitted one explanatory phrase, "that one not twenty years old," which was thrown in by the testator for the purpose of designating which child or children should not sell or have its or their share of the lands sold. Reading this part of the codicil in connection with the will as Knox read and intended it to be read, he devised all his property, both real and personal, to his wife for life, with remainder to his six children in equal portions, the lands to be divided by commissioners after the death of his wife, if she did not remarry, but no child's part was to be sold until he became of age, and if he

died during minority leaving no children, his part should "come back to the other children."

It is a well recognized rule that when there are two or more periods fixed in an instrument for the happening of a contingency upon which an unlimited estate in land will devolve, that one will be selected which will first vest the fee simple title and give the devisee or grantee an absolute estate. Harvey v. Bell, 118 Ky. 522; Orem v. Campbell, 175 Ky. 210. Applying this rule to the language of the codicil, we must hold that the testator intended, and his language plainly means, that at the death of one of his children childless his part to "come back to the other children" if the death happened during the minority of the child dying, and not at any future time after he attained his majority, as contended by Wallace S. Knox. He insists that the children who are now much above the age of twenty-one years, can not sell or convey their interests in the landed estate of their father, except subject to the contingent interest of the other children, to take effect on the death of the child conveying without bodily heirs because of the alleged limitation contained in the codicil, although there is no residuary estate. This contention is against the settled policy of law which seeks to fix an absolute estate in land in the devisee or grantee at the earliest possible moment rather than to defer it and continue the uncertainty for an indefinite time, as contended by Wallace S. Knox.

The provision in the testamentary paper that the portions of land allotted to the children in case of the death or remarriage of the widow "not to be sold until they (the children) are of age," only related to the minority of the children, and did not and was not intended to prevent the children from selling their lands after they or either of them arrived at the age of twenty-one years. The rule is that where a thing is granted or forbidden before or after a given time the presumption is that the thing granted or forbidden may be done or performed at any time not within the prohibition, and applying this rule, the children were empowered to sell and transfer their several interests at any time after they became of age, always subject to the right of the life tenant, up to the time of her death.

The testator gave his lands absolutely to his six children after the death of their mother, the life tenant.

Before the bringing of this action she passed away. The plaintiffs, three of the devisees, were the absolute owners of the three-sixths undivided interests in the lands which they attempted to convey to James R. Knox at the time they contracted to convey the same, and had full power and authority to make such conveyance of their entire interest, subject to no defeasance whatever. The deed which they tendered was sufficient, as appears from the record, to have conveyed to James R. Knox the interest in the land which he contracted to take, and it was his duty to accept the deed and to pay the purchase money. This being true, the trial court did not err in so adjudging.

The judgment is therefore affirmed.