## Howard v. Howard's Trustee.

(Decided February 9, 1926.)

### Appeal from Kenton Circuit Court (Common Law and Equity).

1. Wills—Limitation Such as "Dying Without Issue" Refers to a Definite Period Fixed in Will.—The law favors vesting of estates, and limitation such as "dying without issue" refers to a definite period, fixed in will, rather than to an indefinite failure of issue.

2. Wills—Codicil Giving Estate to Another if Devisee Died Without Children Held to Refer to Time Fixed for Vesting of Devisee's Estate in the Will.—Where codicil provided that property should be held in trust until devisee attained age of 21, estate then vested, and a clause giving estate to another if devisee died without children referred to time fixed for vesting of estate, in view of the rule favoring vesting of estates at the earliest possible date.

3. Wills—No Presumption in Favor of Suspension of Vesting of Estate.—No presumption will be indulged in favor of suspension of vesting of estate.

S. D. ROUSE for appellant.

WILLIAM A. PRICE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

The will of Amelia E. Semple of Covington is presented for construction by her granddaughter, Susan Bruce Semple, on the disputed question of when the devise to the granddaughter shall take effect and whether in fee or some lesser estate. The original will of Mrs. Semple was executed in January, 1893. She was the mother of two children, a. son, Ernst Semple, and Leila Semple, a daughter. The original will devised $4,000.00 to the daughter to equal an advancement of $4,000.00

made to the son, and then directed "the residue of my estate remaining after the payment of said sum of $4,000.00 to my daughter, shall be divided equally share and share alike between my son, Ernst, and daughter, Leila." She added three codicils, the first one relating only to the appraisement of her estate; the second recited that "since the making of said will, my son Ernst Semple has departed this life, leaving surviving him his widow, Florence Bruce Semple, and an only child, to wit: Susan Bruce Semple. The sum of four thousand ($4,000.00) dollars which my will provides shall be charged against my son shall be charged against his said daughter, Susan Bruce Semple, and the residue of my estate, remaining after the payment of the sum of four thousand dollars to my daughter, Leila Dorhmann, shall be divided equally share and share alike between my said daughter Leila and my said granddaughter Susan Bruce Semple. . . . That portion of my estate which by this will shall go to my said granddaughter  . . .  I direct shall be held by the Covington Trust Company of Covington, in trust for my said granddaughter, until she shall arrive at the age of twenty-one years. . . . "

The third codicil reads:

"I hereby direct that should my granddaughter Susan Bruce Semple die without children I wish the entire interest in my estate to go to Leila Dorhmann and her heirs."

The granddaughter has since married and is now the mother of children. Having passed the age of twenty-one years she has demanded of the trust company the balance of the estate now in its hands covered by the devise to her, but the trust company has declined to pay it over on the ground that under the terms of the third codicil the estate may pass to Leila Semple Dorhmann and her heirs if the granddaughter, Susan Bruce Semple, should die without children, and the trust company as trustee has joined in the prayer of the petition asking for a construction of the will and for advice of the chancellor. The chancellor adjudged the granddaughter take only a defeasible fee in the estate devised to her, subject to be defeated by her death at any time without a child or children surviving her, and held that she did not take an absolute fee in the estate. It is from that judgment that this appeal is prosecuted.

The granddaughter, Susan, is· the only child of the son, Ernst, and takes his place as devisee under the will as amended by the codicil. Reading the codicils in· connection with the original will the daughter, Leila, was to receive $4,000.00 to make her equal with her brother, Ernst. It is then provided that the "residue of my estate remaining after the payment of the sum of $4,000.00 to my daughter, Leila Dohrmann, shall be divided equally, share and share alike, between my said daughter Leila and my said granddaughter, Susan Bruce Semple." There is no limitation upon the devise to the granddaughter to this codicil except that the portion going to the granddaughter is to be held by the trust company in trust for the granddaughter until she arrived at the age of twenty-one years. Had no other codicil been added undoubtedly the granddaughter would have been entitled to receive her portion of the estate as her absolute property on her arrival at the age of twenty-one years. In other words, the estate was to vest absolutely in the granddaughter when she arrived at the age of twenty-one years. The last codicil merely provides for the contingency of the granddaughter dying without children and passes her share of the estate to Leila Semple Dohrmann and her heirs in case the granddaughter should die without children. The question is, to what time does the expression ·'die without children'' relate? Does it ·mean die without children at any time, or die without children before the death of the testatrix or die without children before the granddaughter arrives at the age of twenty-one years?

The law favors the vesting of estates, and we have frequently held that a limitation like the one involved here, "dying without issue," refers to a definite period fixed in the will rather than to an indefinite failure of issue. Knox v. Knox 186 Ky. 320; Fulton v. Teager 183 Ky. 381; Washer v. Washer, 143 Ky. 645; McCauley v. Dale, 32 Rep 1243. Manifestly "dying without issue," as employed in the codicil before us, does not mean dying without issue before the death of the testatrix, because the will did not take effect until the death of the testatrix, but it must have been intended to mean dying without issue before the granddaughter arrived at the age of twenty-one, the time fixed for the vesting of the estate, and was not intended to mean an indefinite failure of issue because that would have suspended the vesting of the estate for an indefinite period in violation of the rule

favoring the vesting of estates at the earliest possible date. While it is yet possible for the granddaughter to die without issue living at the time of her death, it is hardly probable, and if such a construction be placed upon the terms of the codicil it might defeat the vesting of the estate for a great number of years. As said in the case of Knox v. Knox, *supra*:

> "It is a well recognized rule that when there are two or more periods fixed in an instrument for the happening of a contingency upon which an unlimited estate in land will devolve, that one will be selected which will first vest the fee simple title and give the devisee or grantee an absolute estate. Harvey v. Bell, 118 Ky. 522; Orem v. Campbell, 175 Ky. 210. Applying this rule to the language of the codicil, we must hold that the testator intended and his language plainly means, that at the death of one of his children childless his part to 'come back to the other children' if the death happened during the minority of the child dying, and not at any future time after he attained his majority, as contended by Wallace S. Knox. He insists that the children, who are now much above the age of twenty-one years, cannot sell or convey their interests in the landed estate of their father, except subject to the contingent interest of the other children, to take effect on the death of the child conveying without bodily heirs because of the alleged limitation contained in the codicil, although there is no residuary estate. This contention is against the settled policy of law, which seeks to fix an absolute estate in land in the devisee or grantee at the earliest possible moment rather than to defer it and continue the uncertainty for an indefinite time, as was contended by Wallace S. Knox."

It was said in the case of Louisville Gas and Electric Co. v. Starin, 170 Ky. 819, that the law will always treat an estate as vested where it can do so without violation to the language contained in the will. "In every case of doubt the doubt will be resolved in favor of the vesting of the estate." Prewitt v. Prewitt, 178 Ky. 346.

There is nothing in the codicil inconsistent with the conclusion reached that the estate of the granddaughter vested absolutely in her on her arrival at the age of

twenty-one years. No presumption will be indulged in favor of a suspension of the vesting of an estate. Every rule of law is to the contrary. That being true, the presumption is, and the law follows, that the testatrix meant for the estate devised to her granddaughter to finally vest in the granddaughter on her arrival at the age of twenty-one years, whether with or without children.

For the reasons indicated the judgment is reversed, with directions to enter one in conformity to the views expressed herein.

.Judgment reversed.