ROBERT E. McGRATH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LOUISVILLE TRUST COMPANY AND JAMES E. FAHEY, TRUSTEES FOR JAMES W. AND ANTONETTE McGRATH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FIDELITY AND COLUMBIA TRUST COMPANY, TRUSTEE FOR MRS. LEO THIEMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FIDELITY AND COLUMBIA TRUST COMPANY, TRUSTEE FOR MARIE LOUISE McGRATH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 65039–65042. Promulgated April 27, 1934.

*Camden R. McAtee, Esq.*, for the petitioners.
*A. H. Fast, Esq.*, and *J. H. Yeatman, Esq.*, for the respondent.

OPINION.

SMITH: These proceedings, consolidated for hearing, involve deficiencies in income tax for 1929 and penalties as follows:

| Docket No. | Petitioner | Deficiency | Penalty |
|---|---|---|---|
| 65039 | Robert E. McGrath | $1,663.18 | |
| 65040 | Louisville Trust Co. and James E. Fahey, trustees for James W. and Antonette McGrath | 1,320.22 | $330.06 |
| 65041 | Fidelity & Columbia Trust Co., trustee for Mrs. Leo Thieman | 1,320.22 | 330.06 |
| 65042 | Fidelity & Columbia Trust Co., trustee for Marie Louise McGrath | 1,320.22 | 330.06 |

The petitioner, Robert E. McGrath, and the three individuals, James W. McGrath, Mrs. Leo Thieman, and Marie Louise McGrath, for whom the other named petitioners are trustees, are children and devisees of Frank McGrath, who died June 27, 1921, leaving a will by which he bequeathed all of his personal property and the residue of his real property to his wife for life, with the remainder over to his five children.

The penalties herein are asserted for failure to make and file returns for the year 1929 and to include therein the alleged profit from the sale of real estate. The petitioner, Robert E. McGrath, filed a return for the year 1929, but no returns were filed by James W. McGrath, Mrs. Leo Thieman, or Marie Louise McGrath, or their trustees on their behalf, because they had no taxable income except such as might result from the sale of the real estate in question, and believed that none resulted therefrom. The individuals named are all inhabitants of Louisville, Kentucky. The trustees named filed their own income tax returns for the calendar year 1929.

The proceedings were all submitted on a written stipulation of facts, which reads in material part as follows:

(2) Frank McGrath died testate on June 27, 1921, a resident of Louisville, Kentucky, leaving surviving him a wife and five children, as follows: Robert E. McGrath, James W. McGrath, Mrs. Leo Thieman, (nee Helen F. McGrath), Marie Louise McGrath and Edward F. McGrath. The said children and/or their trustees, excepting Edward F. McGrath are the petitioners in these proceedings.

(2a) Edward F. McGrath is petitioner in another appeal, viz., No. 63448, McGrath v. Commissioner, involving the same issues as the appeals herein, and also other issues, whereby same is not consolidated herewith; he filed a return for the taxable year involved.

(3) The said will and testament of Frank McGrath, duly probated and disposing of his estate, so far as material, is as follows:

(1) : I appoint my wife, Margaret J. McGrath, and the Louisville Trust Co., Executors of this Will.

(2) : I devise my house and lot, No. 1510-Fourth Street, in the City of Louisville, Kentucky, to my wife, Margaret J. McGrath, absolutely in fee simple.

(3) : All the rest of my real estate and all of my personal estate, I devise and bequeath to my wife, Margaret J. McGrath, for life, and at her death, the same shall be divided equally among my five Children,— James W. McGrath, Edward F. McGrath, Robert E. McGrath, Helen F. McGrath and Marie Louise McGrath, and any other children who may be born to me by my said wife after the execution of this will; each child to receive his or her share when and not before he or she reaches the age of twenty-four years.

(4) : If any of my children should be under the age of twenty-four years at the death of my wife, then I appoint the Louisville Trust Company as Trustee, to hold in trust the respective shares of such child or children as may be under the age of twenty-four years, to pay the income thereof to such child or children respectively, and to pay the principal of the shares

of each child to such child when and as he or she attains the age of twenty-four years.

(5) : If any of my children should at any time die before reaching the age of twenty-four years, the share which any child so dying would otherwise have received under this will, shall go to the lawful issue of such child, then to my surviving children equally upon the same terms and conditions hereinabove set forth with respect to their original shares.

(4) At the time of his death, three parcels of real-estate situated on Broadway in the City of Louisville, State of Kentucky, were owned by Frank McGrath and were part of his residuary estate disposed of by Par. 3, 4 and 5 of the provisions of his last will.

(4a) It is agreed that the value of the said three parcels of property (fee interest on June 27, 1921, the date of death of Frank McGrath, was $36,000, and on said date, that the aggregate value of any remainder interest was $17,751.96, and that the value of life estate of the widow (age 51), was $18,248.04.

(5) The widow, Margaret J. McGrath, died on January 9, 1929. The ages of the four McGrath children involved in these appeals at the date of the death of the mother were as follows:

|  | Birthday | Age | | |
|---|---|---|---|---|
|  |  | Years | Months | Days |
| James W. McGrath | 1900- 8- 3 | 28 | 5 | 6 |
| Robert E. McGrath | 1904-10- 5 | 24 | 3 | 4 |
| Mrs. Leo Thieman (nee Helen F. McGrath) | 1908- 1- 1 | 21 | 0 | 8 |
| Marie Louise McGrath | 1911- 7-22 | 17 | 5 | 12 |

(6) On December 7, 1929, said three parcels of real estate were acquired in condemnation proceedings by the United States Government from the aforesaid children of Frank McGrath, and/or their trustees, for a net consideration of $146,852.92. The value of said real estate on and after October 5, 1928, and until sold on December 7, 1929 was the same, to wit $146,852.92. Its value on or about August 3, 1924 was $110,000.

Respondent has computed a profit to each of the five children from the sale of said real estate upon the theory that the basis for gain or loss to them on such sale under Section 113(a)(5) of the Revenue Act of 1928, is the value of any remainder interests at the date of their father's death in 1921. Said profit is determined as follows:

```
Total sale price_____ $159,000.00
Less sale expense_____ _____      12,147.08
                                                      _____ $146,852.92
Less value of any remainder interests_____      17,751.96
                                                                    _____
                                                                       $129,100.96
Taxable Profit, one fifth_____       $25,820.19
```

The respondent has determined that the interest in the real estate in question vested in each of the children at the death of the decedent and that the sale of the property in 1929 resulted in a taxable gain to them, measured by the difference between the net sale price and the 1921 value of their several interests. The petitioners con-

tend that the interest of the children under the testator's will was not vested at the father's death, but, on the contrary, was contingent or defeasible and did not vest until the mother's death and until each child had become 24 years of age, and that no taxable profit resulted from the sale of the real estate, since its value was the same on those dates as on the date of sale.

The property involved herein was real property which was acquired by the children of Frank McGrath by general devise.

Section 113 of the Revenue Act of 1928 provides in part that—

SEC. 113. BASIS FOR DETERMINING GAIN OR LOSS.

(a) *Property acquired after February 28, 1913.*—The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

\* \* \* \* \* \* \*

(5) PROPERTY TRANSMITTED AT DEATH.—If personal property was acquired by specific bequest, or if real property was acquired by general or specific devise or by intestacy, the basis shall be the fair market value of the property at the time of the death of the decedent. \* \* \* In all other cases if the property was acquired either by will or by intestacy, the basis shall be the fair market value of the property at the time of the distribution to the taxpayer. \* \* \*

The question here in issue in substantially similar form has been decided in *Rodman E. Griscom*, 22 B.T.A. 979; *Molter* v. *Commissioner*, 69 Fed. (2d) 7; affirming 27 B.T.A. 442; *Hopkins* v. *Commissioner*, 69 Fed. (2d) 11; affirming 27 B.T.A. 845. We held in the *Griscom* case that title to the remainder interest in certain trust property vested in the taxpayer upon the death of the testator and that its value on March 1, 1913, the testator's death having occurred prior to that time, was the basis to be used in computing the profit upon its subsequent sale by the taxpayer. See also *Huggett* v. *Burnet*, 64 Fed. (2d) 705. In *Molter* v. *Commissioner, supra*, the Circuit Court of Appeals for the Seventh Circuit held, affirming 27 B.T.A. 442, that the taxpayer acquired a vested rather than a contingent remainder interest under her father's will, which provided that upon the death of the life tenant she was to receive one fourth of the estate and was to receive one fourth each second year thereafter. If she predeceased the life tenant the corpus was to go to her lineal descendants. The court said:

It is obvious that a remainder without condition precedent can not take effect in possession and enjoyment until the death of the life tenant, or other determination of a particular estate, but that it does take effect in interest and right immediately on the death of the testator is a rule which, so far as we know, is not denied in American jurisprudence, and is strictly followed in Illinois. *Schofield* v. *Olcott*, 120 Ill. 362; *Ducker* v. *Burnham*, 146 Ill. 9. The possibility of death of the remainderman always renders it uncertain whether

the remainder will ever take effect in possession and enjoyment, but that fact does not make his survival a condition precedent, and does not render the remainder contingent. It is vested if his interest is fixed. *Knight* v. *Pottgieser*, 176 Ill. 368; *Chapin* v. *Crow*, 147 Ill. 219. His death before enjoyment of possession is merely a condition subsequent. * * *

See also *Chandler* v. *Field*, 63 Fed. (2d) 13; *Brewster* v. *Gage*, 280 U.S. 327; *Security Trust Co. et al., Trustees*, 25 B.T.A. 29; *George Emlen Roosevelt, Trustee*, 28 B.T.A. 194; and *Robert C. Roebling*, 28 B.T.A. 644.

The above cited cases involved income tax deficiencies arising under income tax laws prior to the Revenue Act of 1928, where the basis for the determination of the gain from the sales of property was the fair market value at the "time of acquisition." This was held to be the March 1, 1913, value or the value at the date of the death of the decedent from whom acquired where the date of death was on or after March 1, 1913. The Revenue Act of 1928 applied the same basis for real property, which is the character of the property with which we are here concerned, acquired by general or specific devise or by intestacy.

Upon authority of the above cited cases we hold that the value of the real estate in question at the time of the testator's death, which is stipulated to be $36,000, is the basis to be used in computing the gain upon its subsequent disposition.

The petitioners strongly urge, and cite numerous cases in support of their contention, that under the laws of the State of Kentucky an interest such as that acquired by the devisees here under the will of their father did not vest upon their father's death, or that if title did vest at that time it was a defeasible title, the value of which in the hands of the remainderman would not be the value of a vested and absolute title.

After a careful study of the cases relied upon by the petitioners, and other cases interpreting the laws of the State of Kentucky, we have reached the conclusion that under the laws of that state title to the remainder interest in the real estate involved in these proceedings vested in the testator's children upon his death.

It is the established policy of the State of Kentucky that in construing wills and deeds vested estates will be favored over contingent estates. *Snyder* v. *Snider*, 259 S.W. 700; *Howard* v. *Howard's Trustee*, 280 S.W. 156; *Stallard* v. *Lambert*, 33 S.W. (2d) 682. In *Howard* v. *Howard's Trustee, supra*, the court said:

It was said in the case of *Louisville Gas & Electric Co.* v. *Starin*, 170 Ky. 819, 186 S.W. 669, that the law will always treat an estate as vested where it can do so without violation to the language contained in the will. " In every case of doubt the doubt will be resolved in favor of the vesting of the estate." *Prewitt* v. *Prewitt*, 178 Ky. 346, 198 S.W. 924.

See also *Knox* v. *Knox*, 186 Ky. 320; 216 S.W. 844.

In their rejoinder brief the petitioners state that:

The early decisions in *Williams* v. *Williams*, 16 S.W. 361, and *Hillger* v. *Dolle*, 37 S.W. 1492, while persuasive toward the respondent's position, are constructions of clumsy wills to give effect to the reasonable intention of the testator, and did not directly involve the present question. They are not the law of Kentucky.

In *Roy* v. *West*, 194 Ky. 96 [238 S.W. 168], the *Hillger* case and similar cases are expressly overruled to any extent that such cases decide the remainder interest is absolute under the circumstances of those cases.

*Roy* v. *West*, 194 Ky. 96, was discussed in the later case of *Stallard* v. *Lambert, supra*, where it was held that, under a will devising real estate to a beneficiary during her lifetime and at her death to the testator's heirs, the heirs took a vested remainder interest in the real estate. The court in its discussion said:

It is argued, however, that *Weil* v. *King* [104 S.W. 380] was overruled in *Roy* v. *West*, 194 Ky. 96, 238 S.W. 167, 168. In that case the devise involved was: "If my daughter Emma R. Cosby should die without issue either before or after my death I will and direct that the portion of my estate devised in trust for her shall be held upon the same terms for the child or children of my daughter Lilly Roy, until the youngest child arrives at the age of 21 years or marries; and then it shall be divided among said children as it would descend under the laws of Kentucky."

The question presented in that case was, What interest did the children of Lilly Roy take during the lifetime of Emma R. Cosby. It was held that they either took a contingent remainder interest or a vested interest subject to being defeated by their death prior to the death of Emma R. Cosby, it not being for the purpose of that case, imperative to decide which, as in either event any child of Lilly Roy could not pledge his interest so as to give the pledgee a lien upon it after the death of such child prior to the death of Emma R. Cosby. It is quite apparent from this statement how widely different the case of *Roy* v. *West* is from that of *Weil* v. *King* and the instant case. It is true that towards the end of the opinion, after referring to and discussing those classes of cases which create a defeasible vested interest, the court said that some of the language of *Weil* v. *King* would seem to indicate that a vested interest created by a character of devise such as the court in *Roy* v. *West* was discussing would create an absolute estate and not a defeasible one, and to that extent *Weil* v. *King* would be no longer followed. But this court only meant that the discussion in *Weil* v. *King* when applied to a devise such as the court was discussing in *Roy* v. *West* would not be followed. * * *

It is clear, we think, from this discussion of *Roy* v. *West, supra*, and the general subject of vested remainder interests, that the case does not support the petitioners' contention in these proceedings that the remainder interest in the real estate in question was a contingent and not a vested interest. In *Fulton* v. *Teager*, 209 S.W. 535, it was held that a devise to a widow for life, with remainder to her son and niece equally, the niece's share to revert to the widow for life in case

of death of the niece unmarried and without children, the remainder to the son, vested a half interest in the son which the son might sell and convey, subject to the life estate.

While it is true that the interest of the children of the testator in these proceedings was not absolute and was subject to defeat by their death without issue prior to the date that the interest should become absolute, that fact does not prevent the vesting of title in the children upon the death of the testator. *Molter* v. *Commissioner, supra.*

In *Isabel Richardson Molter,* 27 B.T.A. 442 ,we said:

* * * But if the remainderman be designated by name accompanied by words giving a vested remainder interest, a subsequent provision disposing of the same estate in the event he dies before payment or distribution merely creates a condition subsequent, and the estate will vest *instanter,* subject to being divested upon the remainderman's death prior to the falling in of the particular estate or the arrival of the appointed time for payment or distribution. * * *

We were discussing in that case the rule as to the vesting of remainder interests under the laws of the State of Illinois. The rule appears to be the same, however, in the State of Kentucky. See also *Marian B. Pringle,* 26 B.T.A. 362.

Since under our ruling in these proceedings a taxable gain resulted from the disposition of the property in question, the penalties asserted by the respondent against the petitioners in Docket Nos. 65040, 65041, and 65042 for failure to file returns and report such income must be sustained. Where a taxpayer fails to file a return the imposition of a 25 percent penalty is mandatory under section 291 of the Revenue Act of 1928. *Scranton, Lackawanna Trust Co., Trustee,* 29 B.T.A. 698.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*