**FIDELITY & COLUMBIA TRUST CO. v. COMMISSIONER OF INTERNAL REVENUE.**

**COMMISSIONER OF INTERNAL REVENUE v. FIDELITY & COLUMBIA TRUST CO.**

**Nos. 7190, 7191.**

Circuit Court of Appeals, Sixth Circuit.
May 12, 1937.

220

W. C. Jennings, of Washington, D. C. (Robert H. Jackson, Sewall Key, and Helen R. Carloss, all of Washington, D. C., on the brief), for Commissioner.

Camden R. McAtee, of Washington, D. C. (Robert T. Burke, of Louisville, Ky., and Mason, Spalding & McAtee, of Washington, D. C., on the brief), for taxpayer.

Before HICKS, SIMONS and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

These petitions to review arise out of deficiencies in income tax for the year 1929 in the amount of $1320.22 determined against the trustee for Marie Louise Mc-Grath, together with a 25% penalty for failure to file return.[1] Both the taxpayer and the Commissioner have filed petitions to review. The questions presented are (1) whether a vested or contingent interest was created in the McGrath children by their father's will; (2) whether the Board properly applied section 113 (a) (5) to the facts; (3) whether, in determining the gain received by the taxpayer from the sale of real estate in 1929 the basis to be used should be (a) the fair market value of the property as of the date of the decedent's death, or (b) such fair market value reduced by the then value of the life tenant's interest, or (c) the fair market value of the property at the date that the remaindermen became entitled to possession.

[1] Similar deficiencies and penalties were asserted against the trustees for Mrs. Lêo Thieman (nee Helen F. McGrath) and James W. McGrath, and a deficiency only was determined against Robert E. McGrath, who had filed his return and hence was not subject to penalty. Petitions for review filed by each of the three are consolidated with the instant cases. Edward F. McGrath is not a party to these proceedings.

On June 27, 1921, Frank McGrath, who resided in Louisville, died, leaving a widow and five children. He disposed of his estate by will, the material portions of which are printed in the margin.[2] The will was duly probated. On the date of McGrath's death the aggregate value of certain real estate devised by the will was $36,000, the life estate of the widow therein being of the value of $18,248.04, and the aggregate value of the remainder interest being $17,751.96. The widow died on January 9, 1929, and at that time the children, James W. McGrath, Robert E. McGrath, Mrs. Leo Thieman and Marie Louise McGrath were 28, 24, 21 and 17 years old respectively.

On December 7, 1929, the real estate was condemned by the United States Government, which paid $159,000 therefor. After deducting $12,147.08 for sale expense, the transaction netted $146,852.92, this being the value of the land at the time of sale. The Commissioner computed a gain from the sale, using as a basis in measuring it the value of the remainder interest at the date of the father's death. The taxpayer claims that the interest of the children was contingent as to each child until after the mother's death and until each child became 24 years of age; that the proper basis, therefore, was the fair market value of the property at the time of the distribution, and that the value of the realty at that time was no greater than the price received in the sale, and therefore no taxable profit resulted. The Board sustained the Commissioner, except that it reduced the deficiencies, using as a basis in measuring the gain the value of the entire property at the date of the decedent's death instead of the value of the remainder interest.

The applicable statute is section 113 (a) (5) of the Revenue Act of 1928 (26 U.S.C. A. § 113 note), which reads as follows:

"(a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that— * * *

"(5) If personal property was acquired by specific bequest, or if real property was acquired by general or specific devise or by intestacy, the basis shall be the fair market value of the property at the time of the death of the decedent. * * * In all other cases if the property was acquired either by will or by intestacy, the basis shall be the fair market value of the property at the time of the distribution to the taxpayer."

If the interest of the children was vested on the death of their father, the basis to be used is the fair market value of the property at the time of the father's death. If the interest was contingent, the basis is the fair market value of the property at the time of the distribution to the taxpayers, and no taxable gain resulted from the transaction. Becker, Collector, v. Anchor Realty & Investment Co., 71 F.(2d) 355 (C.C. A.8); Lane v. Corwin, Collector, 63 F.(2d) 767 (C.C.A.2).

We therefore consider whether on the death of their father the children acquired an immediate fixed right of present or future enjoyment. As the realty is situated in Kentucky, the law of that state governs.

---

[2] "(2) I devise my house and lot, No. 1510 Fourth Street, in the City of Louisville, Kentucky, to my wife, Margaret J. McGrath, absolutely in fee simple.

"(3) All the rest of my real estate and all of my personal estate, I devise and bequeath to my wife, Margaret J. McGrath, for life, and at her death, the same shall be divided equally among my five children,—James W. McGrath, Edward F. McGrath, Robert E. McGrath, Helen F. McGrath, and Marie Louise McGrath, and any other children who may be born to me by my said wife after the execution of this Will; each child to receive his or her share when and not before he or she reaches the age of twenty-four years.

"(4) If any of my children should be under the age of twenty-four years at the death of my wife, then I appoint the Louisville Trust Company as Trustee, to hold in trust the respective share of such child or children as may be under the age of twenty-four years, to pay the income thereof to such child or children respectively, and to pay the principal of the shares of each child to such child when and as he or she attains the age of twenty-four years.

"(5) If any of my children should at any time die before reaching the age of twenty-four years, the share which any child so dying would otherwise have received under this will, shall go to the lawful issue of such child, then to my surviving children equally upon the same terms and conditions hereinabove set forth with respect to their original shares."

The Kentucky decisions treat the estate as vested wherever possible. Louisville Gas & Electric Co. v. Starin, 170 Ky. 819, 186 S.W. 669. Cf. Prewitt v. Prewitt, 178 Ky. 346, 198 S.W. 924; Knox v. Knox, 186 Ky. 320, 216 S.W. 844; Snyder v. Snider, 202 Ky. 321, 259 S.W. 700; Howard v. Howard's Trustee, 212 Ky. 847, 280 S.W. 156; Doe, Lessee of Poor, v. Considine, 6 Wall. 458, 18 L.Ed. 869.

 Also the will itself creates a vested interest in the children. It devises and bequeaths all of the real estate except one parcel to the wife for life, and provides that "at her death, the same shall be divided equally among my five children." This is a general devise. The provision that the children are not to receive their respective shares until they reach the age of 24 years, coupled with other provisions, makes the interest of any child defeasible upon his death without issue before that age. While the children were not given possession when the precedent estate of their mother was determined, they had an immediate vested right in the property at the time of the father's death. They received the income upon the mother's death, and the fact that the enjoyment of the principal was postponed as to two of the children is immaterial. Cf. Zinsmeister's Trustee v. Long, 250 Ky. 50, 61 S.W.(2d) 887, 890. There the testator had created a trust of certain securities, the income of which was to be paid after the death of his daughter to three grandchildren until each reached the age of thirty. At that time each grandchild was to receive his share of the corpus of the estate, and if any grandchild died before reaching that age, his share was to pass to his issue, or to the surviving grandchildren. The court said:

"The chancellor, we think, properly construed the provisions of the trust agreement as giving to each of the three grandchildren equal vested estates in remainder, subject to the life interest of their mother, but that the remainder interest is subject to defeasance in the event of the death of the taker under the age of 30 years. The possibility of defeasance does not transform into a contingent remainder what would otherwise be a vested remainder." Cf. Mercantile Bank of N. Y. v. Ballard's Assignee, 83 Ky. 481, 4 Am. St.Rep. 160; Carroll v. Carroll's Ex'r, 248 Ky. 386, 58 S.W.(2d) 670.

Apart from the Kentucky decisions, we think that the Board properly applied the statute, for we cannot differentiate this case on principle from Security Trust Co. v. Commissioner, 65 F.(2d) 877, 879 (C.C.A. 6). There a Michigan testamentary trust was involved, and the right to possession of the property on the part of the beneficiaries as here was deferred. The section construed was section 204 (a) (5) of the Revenue Act of 1926 (44 Stat. 14), but the question was in substance the same, namely, whether the basis for determining gain was the market value at the time of the testator's death, or at the time of distribution. It was held that the proper basis was the market value at the time of the testator's death. The court pointed out that it was the clear purpose of Congress that gains derived from property acquired by bequest, devise or inheritance, should be taxed when realized. It cannot be doubted in the instant case that substantial gain was derived when property worth $36,000 at the testator's death netted $146,852.92 in sale. If the first sentence of section 113 (a) (5) is not here applied, this gain will be exempt from taxation. The holding in the Security Trust Case, supra, that "The basis for determination of gain is * * * the time of acquisition, but the basis is applicable to property acquired 'by bequest, devise or inheritance,' and no other test of acquisition is provided," is in point. Since under the first sentence of section 113 (a) (5), no other test of acquisition is provided than that the property shall be acquired by general or specific devise or by intestacy, and since the property involved herein passed by general devise, it was acquired within the meaning of that provision of the statute. Whatever technical name be applied to the interests of the children, on their father's death each of them acquired a substantial property right. As in the cited case, these interests had their genesis in the will, which speaks as of the testator's death (Cf. Brewster v. Gage, Collector, 280 U.S. 327, 50 S.Ct. 115, 74 L.Ed. 457), and the legal title given upon final distribution confers only the right which arose from the will. Cf. Molter v. Commissioner, 69 F.(2d) 7 (C.C.A.7); Hopkins v. Commissioner, 69 F.(2d) 11, 96 A.L.R. 1358 (C.C.A.7); Huggett v. Burnet, Commissioner, 62 App.D.C. 67, 64 F.(2d) 705; Chandler v. Field, Collector, 63 F.(2d). 13 (C.C.A.1); Brewster v. Gage, Collector, supra. There is no essential difference between that postponement of enjoyment which results from a testamentary direction that the property shall be distributed in installments and that which re-

sults from a direction that the income only shall be paid to the children until they arrive at a certain age. In each case the acquisition relates back to the testator's death.

■■ As to the Commissioner's contention on cross-review, we think the Board was correct in its decision that the basic value to be used in determining the gain was the entire value of the realty at the time of the decedent's death rather than the value of the vested remainder. The statute specifically states that the basis shall be the fair market value "of the property" at the time of the death of the decedent. While right to possession and enjoyment could mature only upon the extinction of the mother's life interest, the property sold was the entire real estate, and the Commissioner erred in deducting only the value of the remainder interests in making his determination. The imposition of the penalty for failure to file a return is mandatory (section 291, Revenue Act of 1928 [26 U.S.C.A. § 291 and note]), and must be sustained.

The decision is affirmed.